DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Dennis D. Sherman, appeals the judgment of the Lucas County Court of Common Pleas, which granted summary judgment in favor of appellee, Glass City Singles, Inc. ("GCS"). For the following reasons, we affirm. *Page 2 
 {¶ 2} GCS sponsors "singles dances" in Toledo, Ohio. Appellant's complaint alleged that GCS's involuntary termination of his membership caused him irreparable harm and serious emotional distress. GCS answered that appellant's membership was terminated because he repeatedly solicited business for his own enterprise on GCS's rented property, in competition with GCS. GCS also filed a counterclaim for tortious interference with business relations, unfair trade practices, trespass, and it requested a permanent injunction barring appellant from trespassing further.
 {¶ 3} The trial court denied appellant's request for a preliminary injunction. Appellant moved to compel discovery pursuant to Civ.R. 37. He requested information regarding John Brooks, GCS's president, unspecified information concerning Ohio Singles, an entity associated with GCS, and GCS's counterclaim.
 {¶ 4} GCS moved for summary judgment on appellant's claims. In response, appellant filed a one page combined motion in opposition and a motion for a continuance pursuant to Civ.R. 56(F), noting that the court had yet to rule on his motion to compel discovery. In a single conclusory sentence, he stated that the laws governing non-profit corporations should apply to GCS by virtue of estoppel. Attached to his motion was a letter from "Glass City and Ohio Singles," addressed to Sherry Brown, barring her from membership for soliciting at their dance parties. The letter's footer states that "Glass City Singles is a non-profit corporation with members in Northwest Ohio and Southwest Michigan that Helps singles socialize and share common experiences in safe atmosphere * * *" Appellant also attached a printed page from the Ohio Secretary of State's website *Page 3 
showing that "Glass City Singles Society, Inc." was registered as a non-profit corporation on November 17, 1986, and showing that articles for the same were cancelled for failure to file a statement of continued existence on November 22, 1991.
 {¶ 5} The trial court held that appellee's evidence established it as a for-profit corporation which did not owe appellant due process before terminating his membership. It also granted summary judgment on appellant's claim of infliction of emotional distress, because he was unable to show that his alleged depression was severe and debilitating, and his own actions of soliciting competing business caused his ejection. It denied appellant's Civ.R. 56(F) motion for failure to comply with the rule and because, even if appellant were granted a 60 day continuance, summary judgment for appellee would still be appropriate.
 {¶ 6} Appellant failed to file an assignment of error as required by App.R. 16(A)(3). However, he raises three arguments that we will construe as assignments of error: that the trial court (1) erred in denying his Civ.R. 56(F) motion, (2) erred in granting summary judgment to appellee, and (3) erred in failing to rule on his motion to compel discovery.
 {¶ 7} "Civ.R. 56(F) permits a party opposing summary judgment to seek a continuance to pursue further discovery in order to develop its opposition to the motion. Under this provision, the opposing party must submit an affidavit stating the reasons justifying an extension. `Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present *Page 4 
affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion.' Gates Mills Invest. Co. v.Pepper Pike (1978), 59 Ohio App.2d 155, 169. When no affidavit is presented in support of a motion for extension under Civ.R. 56(F), a court may not grant an extension pursuant thereto." Cook v. ToledoHosp., 169 Ohio App.3d 180, 2006-Ohio-5278, ¶ 42.
 {¶ 8} Because appellant did not file an affidavit in support of his motion as required by the rule, the trial court did not abuse its discretion in denying the motion. Id., citing Vilardo v. Sheets, 12th Dist No. CA2005-09-091, 2005-Ohio-3473, ¶ 29. Appellant's claimed error with respect to the denial of his Civ.R. 56(F) motion is not well-taken.
 {¶ 9} We review the trial court's grant of summary judgment to GCS de novo, applying the same standard as the trial court. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Civ.R. 56(C). The moving party bears the burden to show that no genuine issue of material fact exists.Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64. The burden then shifts to the nonmovant to set forth *Page 5 
specific facts showing there is a genuine issue of material fact for trial in order to escape summary judgment. Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
 {¶ 10} Members of non-profit associations are entitled to due process before being removed from membership. "A member who a social association seeks to expel is entitled to due process, which requires reasonable notice and hearing with the opportunity to defend the charges. Courts will intervene where a denial of due process has occurred in the expulsion of a member of an association organized for social purposes, and liability for damages may be imposed as a remedy." Bay v. AndersonHills, Inc. (1984), 19 Ohio App.3d 136, syllabus.
 {¶ 11} This rule only applies to non-profit corporations by virtue of R.C. 1702.11. Evidence provided by both appellant and appellee, including GCS's articles of incorporation, indicates that GCS is currently a for-profit corporation. Despite this conclusive evidence, appellant argues that the doctrine of equitable estoppel allowsBay's rule to apply to GCS, if GCS held itself out to the public as a non-profit corporation.
 {¶ 12} "Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct. The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. A prima facie case of equitable estoppel requires a showing that (1) one party made factual misrepresentations, (2) that were misleading, (3) that induced actual reliance that was reasonable and in good faith, and (4) *Page 6 
that caused detriment to the second party." Jefferson Place CondominiumAssn. v. Naples (1998), 125 Ohio App.3d 394, 401 (internal citations omitted).
 {¶ 13} Appellant cannot establish a prima facie case of equitable estoppel. Agreeing for the sake of argument that GCS held itself out to the public as a non-profit corporation, appellant cannot show that his membership relied on GCS's corporate status. He has never stated, by affidavits or otherwise, that he would not have joined GCS if he knew it was a for-profit corporation. His pleadings state that he continued membership because he wanted to meet new people and stay in touch with friends. Finally, appellant has presented no evidence in support of his claim for emotional distress. The grant of summary judgment to GCS was proper, and appellant's related assignment of error is not well-taken.
 {¶ 14} Appellant claims the trial court erred in failing to dispose of his motion to compel discovery. Clearly, the information appellant sought could not have overcome GCS's motion for summary judgment. We see no abuse of discretion in the trial court's conclusion that appellant could not raise a genuine issue of material fact, even if his motion was granted. Appellant's third assignment of error is not well-taken.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1