DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellee's motion for summary judgment pursuant to Civ.R. 56. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Anthea Cowart, sets forth the following five assignments of error: *Page 2 
 {¶ 3} "1. The lower court erred by dismissing appellant's claim for breach of contract."
 {¶ 4} "2. The court below erred by dismissing appellant's equitable estoppel claim."
 {¶ 5} "3. The lower court erred by dismissing appellant's negligence claim. "
 {¶ 6} "4. The lower court erred in dismissing appellant's claim of negligent misrepresentation."
 {¶ 7} "5. The lower court erred by dismissing appellant's claim for breach of fiduciary duty."
 {¶ 8} The following undisputed facts are relevant to the issues raised on appeal. In the summer of 1999, appellant purchased a house located at 4743 Vogel Street, in the city of Toledo. At closing, appellant first learned that the mortgage lender was requiring that flood insurance be obtained on the property as a prequisite to issuing the loan. Appellant asserted that she could not afford flood insurance and threatened not to proceed with the closing.
 {¶ 9} On August 5, 1999, appellee, Northwest Title Agency of Ohio and Michigan ("Northwest"), acting under the belief that the flood status of the property was incorrect, entered into a contract with appellant. The terms of the agreement state, "Northwest Title Agency, at its expense, will pay for the flood insurance on the property for as long as it is required. Northwest will pursue a Letter of Map Revision which may result in removal of the property from the flood zone. If the property is removed form the *Page 3 
flood zone and insurance is no longer necessary, Northwest will be entitled to any refund of flood insurance premium."
 {¶ 10} With a mutually acceptable agreement addressing the flood insurance issue in place, appellant closed on the property. Subsequently, Baseline Engineering and Surveying Team, Incorporated ("Baseline"), a licensed survey company was contacted in order to challenge the flood plain status of the property. Baseline prepared a Letter of Map Revision ("LMR") and submitted it to the Federal Emergency Management Agency ("FEMA"). After reviewing the LMR, FEMA removed the property from the flood plane.
 {¶ 11} After the property was rezoned, appellee sent appellant a flood insurance cancellation form. On January 5, 2000, appellant cancelled her flood insurance.
 {¶ 12} In July 2000, a flood damaged appellant's home. As a result of the flood, appellant claims $60,000 in damages. Consequently, FEMA returned the home to the flood plane.
 {¶ 13} Appellant's original complaint was filed pro bono. On October 9, 2001, appellant filed an amended complaint, revising her claims against appellee. On March 28, 2002, appellee filed a motion for summary judgment. Shortly thereafter, appellant filed for personal bankruptcy.
 {¶ 14} The present matter was stayed until May 9, 2006. On February 23, 2007, the trial court granted appellee's motion for summary judgment. Appellant filed a timely appeal. *Page 4 
 {¶ 15} This court reviews appellant's claim de novo. De novo review is well established in Ohio as the standard of review for summary judgment.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 16} To grant a motion for summary judgment, this court must find "that there is no genuine issue as to any material fact; that the moving party is entitled to a judgment as a matter of law; and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made"Harless v. Wills Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 17} The movant has the initial burden of pointing to the sections of the record that lack the evidence necessary to prove an element of the non-moving party's claim. Hanna v. Dayton Power Light Co. (1998),82 Ohio St.3d 482, 484. This shifts the burden to the non-movant, who must show that evidence does exist that shows a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 18} Appellant's first, third, and fifth assignments of error deal with duties appellee allegedly owed appellant. Given their common origins these three assignments will be addressed simultaneously.
 {¶ 19} In her first assignment of error, appellant asserts that appellee breached the terms of the contracts between appellee and appellant. Two contracts existed between appellee and appellant, the title insurance policy and the flood insurance contract.
 {¶ 20} In relevant part, the title insurance policy is limited to issues connected to the estate, defects, liens, or encumbrances on the title, unmarketability of the title, and *Page 5 
lack of right to access to and from the land. Appellant presents no evidence that appellee's actions breached these duties.
 {¶ 21} The terms of the flood insurance contract were also very clear. It required appellee to pay the insurance premiums "until the insurance was no longer required" by the lender. The record reflects that appellee paid the premiums up until the time when the property was officially removed from the flood zone by FEMA, fulfilling the terms of this contract.
 {¶ 22} In her fifth assignment of error, appellant asserts that appellee breached a fiduciary duty to her. Appellant states that appellee was in a "position of superiority or influence acquired by virtue of special trust." Therefore, according to appellant, a fiduciary duty of care existed.
 {¶ 23} The record reflects that appellee was not actually in a position of superiority. Appellant had an attorney present at closing. This attorney advised appellant throughout the closing. The attorney also reviewed the flood insurance contract and advised appellant to enter into the agreement. Appellant's reliance on Stone v. S LCompany (1981), 66 Ohio St.2d 74, and Ed. Shory Sons v. SocietyNational Bank (1996), 75 Ohio St.3d 433 are misplaced because in each case the plaintiffs were acting on assurances from their lenders. That was not the scenario in the instant case.
 {¶ 24} In appellant's third assignment of error, she alleges that appellee acted negligently in failing to fulfill duties owed to appellant. "In any cause of action based upon negligence, a plaintiff must prove duty, breach, proximate cause, and damages." *Page 6 Kastner v. Southside Lincoln-Mercury Sales, Inc., 6th Dist. No. L-06-1152, 2007-Ohio-874, ¶ 19. We have already established that appellee satisfactorily met all the duties it owed appellant. See supra. Because there exists no evidence that these duties were breached, there can be no claim for negligence.
 {¶ 25} Further, appellee cannot be liable for any potential liability incurred by the actions of Baseline. "[A]n employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior, but not for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted-for work." Clark v. SouthviewHosp. Family Health Ctr. (1994), 68 Ohio St.3d 435, citingCouncell v. Douglas (1955), 163 Ohio St. 292, 295-296. The record contains no evidence that suggests appellee had any control over the manner in which Baseline assessed appellant's property. Therefore, no agent-principal relationship existed. Wherefore, appellant's first, third, and fifth assignments of error are not well-taken.
 {¶ 26} Appellant asserts an equitable estoppel claim in her second assignment of error. "A prima facie case of equitable estoppel requires a showing that (1) one party made factual misrepresentations, (2) that were misleading, (3) that induced actual reliance that was reasonable and in good faith, and (4) that caused detriment to the second party."Sherman v. Glass City Singles, 6th Dist. No. L-06-1256, 2007-Ohio-5997,¶ 12.
 {¶ 27} It is clear to this court, that the statements made by appellee were never intended as a final factual representation. Appellant incorrectly stops her analysis short *Page 7 
of this issue. The parties agreed to have a third party surveyor evaluate the property and assess the flood level. Appellee's prior statements were an assertion of appellee's beliefs, not a misrepresentation of fact. The third party assessment is the final factual representation that appellant relied upon. Under the theory of equitable estoppel, any potential liability falls on this third party. Appellant's second assignment of error is not well-taken.
 {¶ 28} In her fourth assignment of error, appellant asserts that the trial court incorrectly dismissed her misrepresentation claim. "An action for fraudulent misrepresentation requires proof of (1) a representation (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance." Meek v. Solze, 6th Dist. No. OT-05-055, 2006-Ohio-6633, ¶ 27.
 {¶ 29} Appellant provides no evidence that appellee failed to exercise reasonable care in attaining a surveyor. The record indicates that Baseline was a state licensed surveyor, and there is no evidence to suggest that appellee had any reason to believe that Baseline's assessment was inaccurate. Appellant has no evidence in support of her claim for misrepresentation. Appellant's fourth assignment of error is not well-taken. *Page 8 
 {¶ 30} We find no remaining genuine issues of material fact. Appellee is entitled to a judgment as a matter of law. The trial court did not err in granting summary judgment.
 {¶ 31} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1