OPINION
{¶ 1} Plaintiff, Steven E. Warman, appeals from a summary judgment in favor of Defendants, L. Patrick Mulligan, George Katchmer, and L. Patrick Mulligan and Associates, Co., L.P.A. *Page 2 
 {¶ 2} In December of 2003, Warman retained Defendants to represent him in connection with a case before the United States District Court for the Southern District of Ohio charging Warman with numerous drug-related offenses. Warman had previously been denied bail. Other counsel represented Warman on the criminal charges, but he retained Defendants to represent him on the bail issue. Warman paid a retainer of $10,000.00 to Defendants.
 {¶ 3} Defendant Katchmer met with Warman in January of 2004. Thereafter, Katchmer prepared a motion for reconsideration on the bail issue and forwarded the motion to the federal district court for filing, along with a notice of limited appearance on behalf of Defendants Katchmer and L. Patrick Mulligan. The federal district court would not accept the motion for reconsideration for filing following the court's refusal to allow Defendants Katchmer and Mulligan to enter a limited appearance with respect to the bail issue only.
 {¶ 4} Warman requested that Defendant Katchmer prepare and file an appeal to the Sixth Circuit Court of Appeals on his behalf regarding the denial of bail. According to an affidavit of Defendant Katchmer, he advised Warman that any such appeal would not be timely, but Warman directed him to *Page 3 
file the appeal. On September 27, 2004, the Sixth Circuit Court of Appeals granted the prosecution's motion to dismiss, finding that there was a lack of jurisdiction because the appeal was not timely filed. Defendants took no further legal representation of Warman subsequent to the September 27, 2004 denial of bail by the Court of Appeals.
 {¶ 5} Warman was convicted and sentenced in federal court. On March 3, 2005, Warman directed a letter to Defendant Mulligan, requesting a refund of the retainer he paid, contending that Defendants had not provided the services contracted for and that Warman did not receive effective counsel.
 {¶ 6} On November 6, 2006, Warman commenced an action in common pleas court against Defendants, alleging that the representation they provided was ineffective, incompetent, and prejudicial to his interests, and had deprived him of any possibility of obtaining bail. Warman also alleged that Defendants' failure to effectively represent him violated his constitutional rights under the Sixth Amendment.
 {¶ 7} Warman's complaint contained various allegations, asserting that Defendants failed to timely make filings with the federal court, failed to notify and communicate with his primary counsel of record, failed to maintain communication *Page 4 
with Warman and his family, failed to file adequate notices and pleadings, failed to file a direct appeal, failed to meet the "good faith standard" for representing him, failed to gather certain evidence, and colluded with the United States Attorney to impede Warman's release upon bail.
 {¶ 8} Defendants filed answers to Warman's complaint, denying all of Warman's allegations. (Dkt. 10, 11, 12). Defendants filed motions for summary judgment based on the expiration of the one-year statute of limitations governing actions on legal malpractice claims. (Dkt. 18, 25, 26). Warman obtained a sixty-day extension of time in which to respond to Defendants' motions. On October 19, 2007, the trial court granted Defendants' motions for summary judgment on a finding that the one-year statute of limitations had expired on Warman's legal malpractice claims when he commenced his action. Warman filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRORED IN REFUSING TO ADDRESS THE PLAINTIFF'S CLAIMS OF FRAUD WITHIN HIS COMPLAINT AS TITLED FRAUDULENT MISREPRESENTATION."
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRORED IN CONSTRUING PLAINTIFF'S FRAUDULENT MISREPRESENTATION IN FAVOR OF DEFENDANT'S *Page 5 
CALCULATED ASSERTION OF A LEGAL MALPRACTICE CLAIM."
THIRD ASSIGNMENT OF ERROR
 {¶ 11} "THE COURT ERRORED IN REFUSING TO ADDRESS ALL THE ISSUES SET FORTH IN PLAINTIFF'S RESPONSE WHICH WAS DICTATED OUT OF THE COMPLAINT."
 {¶ 12} The first three assignment of error are interrelated and will be addressed together.
 {¶ 13} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. OfEdn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. MansfieldJournal Co. (1980), 64 Ohio St.2d 116, 119-20. Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704,711.
 {¶ 14} Actions that allege malpractice by an attorney must be commenced within one year after the cause of action accrues. R.C. 2305.11(A). An action for legal malpractice accrues and the statute of limitations begins to run "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his *Page 6 
attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmie v. Calfee,Halter Griswold (1989), 43 Ohio St. 3d 54, syllabus. A "cognizable event" is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation. Spencer v. McGill (1993), 87 Ohio App. 3d 267, 278.
 {¶ 15} Warman does not argue on appeal that the trial court erred in finding that he commenced his action against Defendants after the one-year statute of limitations for a legal malpractice claim had expired. Warman instead argues that the trial court erred in construing his claims against Defendants as legal malpractice claims rather than fraud claims, which are subject to a longer, four-year statute of limitations. R.C. 2305.09(C). As the trial court noted, we previously addressed the importance of the distinction between legal malpractice and fraud claims in Gullate v. Rion (2000), 145 Ohio App.3d 620, 625-26:
 {¶ 16} "Appellants contend that Count 1 of their complaint states a cause of action for fraud against Rion and is *Page 7 
therefore subject to the longer statute of limitations applicable to fraud claims. A claim based on fraud must be brought within four years after the cause of action accrues. R.C. 2305.09(C). The trial court found that appellants' claim for fraud did `not alter the fact that the gist of the plaintiffs' claims relate[s] to the alleged inappropriateness of the legal advice given' and that `the label given to the cause of action is immaterial.' The trial court found all of appellants' claims sounded in legal malpractice and were barred by the one-year statute of limitations.
 {¶ 17} "The applicable statute of limitations is determined from the gist of the complaint, not by the form of the pleading. Hibbett v.Cincinnati (1982), 4 Ohio App. 3d 128, 131, 4 OBR 220, 446 N.E.2d 832. `Malpractice by any other name still constitutes malpractice.' Muir v.Hadler Real Estate Mgt. Co. (1982), 4 Ohio App. 3d 89, 90, 4 OBR 170,446 N.E.2d 820. Malpractice consists of `"the professional misconduct of members of the medical profession and attorneys"' and may consist of either negligence or breach of contract. Id., quoting Richardson v.Doe (1964), 176 Ohio St. 370, 372, 27 Ohio Op. 2d 345, 199 N.E.2d 878. `It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice.' Id. *Page 8 
 {¶ 18} "This court has held that under circumstances in which an attorney provides services that are not necessarily legal in nature, the attorney's actions may constitute a cause of action for fraud separate from a malpractice claim. Bryant v. Williams (June 7, 1985), Montgomery App. No. CA 9272, unreported, 1985 WL 8723. We also note that the Tenth District Court of Appeals has recognized that not all fraudulent conduct committed by an attorney will fall under the umbrella of a general malpractice claim, although the elements of fraud must be specifically pled in the complaint. DiPaolo v. DeVictor (1988), 51 Ohio App. 3d 166,173, 555 N.E.2d 969. That court recently held that a desire to obtain a settlement and resulting contingent fee was not the type of personal gain that would support an action for fraud separate from a malpractice action. Endicott v. Johrendt (June 22, 2000), 2000 Ohio App. LEXIS 2697, Franklin App. No. 99AP-935, unreported, 2000 WL 796576.
 {¶ 19} "When alleged fraudulent conduct is integral to a malpractice claim, the conduct does not independently extend the statute of limitations for malpractice. Wozniak v. Tonidandel (Oct. 1, 1998) 1998 Ohio App. LEXIS 4663, Cuyahoga App. No. 73086, unreported,1998 WL 685497, at * 2. Nwabara v. Schoby, (Nov. 13, 1986) 1986 Ohio App. LEXIS 9070, Cuyahoga *Page 9 
App. No. 51211, unreported, 1986 WL 12852, at *3. We agree with the trial court's determination that appellants' first claim, although captioned as `Fraud,' sounds in malpractice. Both Count 1, entitled `Fraud,' and Count 2, entitled `Negligence,' allege that appellants were harmed when appellees persuaded Gullatte to plead guilty under the promise that he would be eligible for shock probation. The claims in appellants' complaint all arose out of acts committed by appellees in the course of their legal representation of David Gullatte."
 {¶ 20} Warman's complaint contains numerous allegations that Defendants failed to provide adequate legal services, which constitute allegations of legal malpractice. The trial court did not err in finding that these claims of legal malpractice were barred by the one-year statute of limitations.
 {¶ 21} Further, Warman alleges in his complaint, at page 5, that Defendants accepted payment for their representation but never provided the assistance Warman needed, "nor did they ever have any intention of providing any representation." That alleges an intent to defraud, but it fails to allege any operative facts that portray such an intention. That failure to satisfy Civ. R. 9(B) supports the trial court's finding that *Page 10 
fraud was not alleged. In Nilivar v. Osborn (1998), 127 Ohio App.3d 1, we held that evidence offered in opposition to a motion for summary judgment could demonstrate the required intent. Here, Warman offered no such evidence, and he cites none.
 {¶ 22} Warman cites Bryant v. Williams (June 7, 1985), Montgomery App. No. CA 9272, in support of his argument that his claims are not legal malpractice claims. In Bryant, an attorney improperly released funds he held for a client in an escrow account. The plaintiff claimed fraud. The court granted summary judgment on a finding that the claim was for legal malpractice and barred by the one-year statute of limitations. We held that the claim in the action filed against the attorney was both in malpractice and for breach of contract to perform services not necessarily legal in nature, by acting as an escrow despository. We reversed and remanded for further proceedings on the non-malpractice claim.
 {¶ 23} Bryant offers Warman no help with respect to the fraud claim that the trial court rejected. Fraud may exist independent of malpractice, per Nilavar, but in the present case, on the basis of the pleadings and the evidence, the trial court properly found Warman's fraud claim insufficient per Civ. R. 56. *Page 11 
 {¶ 24} Finally, Warman argues that the Defendants failed to deny the allegations of fraud in his complaint. This is incorrect. Defendants filed respective answers to the complaint that denied all of Warman's allegations. (Dkt. 10, 11, 12).
 {¶ 25} The first, second and third assignments of error are overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 26} "THE COURT REFUSED TO STAY THE SUMMARY JUDGMENT AS PRAYED FOR IN THE PLAINTIFF'S GROUNDS FOR RELIEF IN HIS RESPONSE TO SUMMARY JUDGMENT."
 {¶ 27} Warman requested and was granted a sixty-day extension of time in which to respond to Defendants' motions for summary judgment. (Dkt. 36, 44). After this sixty days expired, Warman filed a 22-page response to Defendants' motions for summary judgment. (Dkt. 47). On page 22 of this response, Warman stated:
 {¶ 28} "e. Alternative for Grounds to further Relief: This inmate plaintiff requests that the summary judgment motion be denied or alternatively stayed until affidavits are submitted pursuant to Rule 56 and thus pending discovery issues necessary for further response. `A pro se plaintiff should be advised by the court of his/her right under Rule 56 to file *Page 12 
opposing affidavits to defeat a motion for summary judgment.' Madyun v.Thompson, 657 F.2d 868, 877 (6th Cir. 1981)."
 {¶ 29} The request for additional time on page 22 of Warman's response constituted a request for continuance pursuant to Civ. R. 56(F), which provides that:
 {¶ 30} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 31} Civ. R. 56(F) requires that any such motion or request be supported by an affidavit demonstrating need. Warman did not file an affidavit with his request. Consequently, the trial court did not abuse its discretion when it denied his request. Sherman v. Glass CitySingles, Inc., Lucas App. No. L-06-1256, 2007-Ohio-5997, at _8-9.
 {¶ 32} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
DONOVAN, P.J., and FAIN, J., concur.
Copies mailed to: *Page 13 
Steven E. Warman Bradley L. Snyder, Esq. Joseph W. Borchelt, Esq. Jeremy S. Young, Esq. Hon. John D. Schmitt *Page 1