MUIR, APPELLEE, *v.* HADLER REAL ESTATE MANAGEMENT CO., THIRD-PARTY APPELLANT; MILLIGAN ET AL., THIRD-PARTY APPELLEES.

(No. 81AP-482—Decided April 22, 1982.)

*Messrs. Frick & Voltolini* and *Mr. Bradley N. Frick,* for appellee William W. Muir, III, D.V.M.

*Messrs. Lane, Alton & Horst, Mr. Jeffrey W. Hutson* and *Mr. Theodore M. Munsell,* for third-party appellant Hadler Real Estate Mgmt. Co.

*Mr. Fred J. Milligan, Jr.,* for third-party appellee David T. Milligan.

*Mr. Michael Miller,* prosecuting attorney, *Mr. James R. Kirk* and *Mr. Gene Wetherholt,* for third-party appellee clerk of courts.

WHITESIDE, P.J. Defendant and third-party plaintiff-appellant Hadler Real Estate Management Company (Hadler) appeals from a judgment of the Franklin County Court of Common Pleas and raises two assignments of error, as follows:

"1. The trial court erred by applying the one year limitation of action set forth under Section 2305.11, R.C., instead of the six year statute of limitations set forth under Section 2305.07, R.C.

"2. The trial court erred in its conclusion that the record reflects that the attorney-client relationship between the appellant and appellee terminated on or before June 2, 1978."

Plaintiff brought this action against defendant Hadler, seeking to recover damages resulting from an alleged wrongful eviction of plaintiff from an apartment on or about June 26, 1978. Defendant Hadler filed a third-party complaint against third-party defendants David T. Milligan and Ted Hysell, Clerk of Courts. As third-party plaintiff, Hadler alleged that third-party defendant Milligan was its attorney in handling the eviction proceedings against plaintiff and further alleged that, if plaintiff were damaged as alleged in his complaint, it was caused by negligence of third-party defendant Milligan. The prayer of the third-party complaint seeks indemnification or contribution from third-party defendant Milligan, as well as from the third-party defendant, Ted Hysell, Clerk of Courts.

Third-party defendant Milligan filed a motion for summary judgment supported by his affidavits and by his deposition. The essential basis of the motion for summary judgment is that plaintiff's claim is barred by the applicable statute of limitations for attorney malpractice, R.C. 2305.11. The trial court sustained the motion for summary judgment and found, pursuant to Civ. R. 54(B), no just cause for delay in entering that judgment separately from the judgment with respect to the other parties.

By the first assignment of error, defendant Hadler contends that the applicable statute of limitations is that set forth in R.C. 2305.07 with respect to a contract not in writing. Essentially, Hadler contends that its claim against third-party defendant Milligan is predicated upon indemnification, rather than malpractice. We disagree. An action

against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages. This is not a true case of primary-secondary liability, with the person secondarily liable having paid the claim and seeking indemnification from the person primarily liable, inasmuch as an attorney is not liable to third persons for damages arising from the performance of the attorney's professional activities on behalf of, and with the knowledge of, his client, even though the client may become liable because of the attorney's activities. See *W.D.G., Inc.* v. *Mutual Mfg. & Supply Co.* (App. 1976), 5 O.O. 3d 397.

Malpractice by any other name still constitutes malpractice. As stated in *Richardson* v. *Doe* (1964), 176 Ohio St. 370, at page 372 [27 O.O.2d 345], malpractice consists of "the professional misconduct of members of the medical profession and attorneys." Such professional misconduct may consist either of negligence or of breach of the contract of employment. It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice. See *Gillett* v. *Tucker* (1902), 67 Ohio St. 106. Accordingly, the one year malpractice statute of limitations set forth in R.C. 2305.11 is applicable.

Defendant Hadler further contends that its claim is predicated in part upon contribution so that R.C. 2307.32(B) and (C) would apply. We disagree. In order for R.C. 2307.31 or 2307.32, relative to contribution among joint tortfeasors, to be applicable, there must be joint tortfeasors. As clearly indicated by R.C. 2307.31(A), these statutes are applicable only "where two or more persons are jointly or severally liable in tort for the same injury." As we have previously indicated, defendant Milligan, as defendant Hadler's attorney, is not liable to third persons for professional misconduct in his representation of defendant Hadler, even though Hadler may become liable to such third person as a result of representation by defendant Milligan. In other words, the parties are not joint tortfeasors. There can be no contribution. If anything, it would be indemnification under a primary-secondary liability principle which would be applicable because of the agency relationship were it not for the immunity of attorneys for liability to third persons resulting from their representation of their clients.

Accordingly, the trial court applied the proper statute of limitations, and the first assignment of error is not well taken.

By the second assignment of error, defendant Hadler contends that the trial court erred in finding as a matter of law that the attorney-client relationship between defendant Milligan and defendant Hadler terminated on or before June 2, 1978.

The trial court predicated this determination upon a statement in an affidavit submitted by defendant Milligan in support of his motion for summary judgment, the trial court stating as follows:

"Milligan asserts in his affidavit that the attorney-client relationship terminated on June 2, 1978. The Defendant has not shown by way of affidavit or any other method authorized by Civil Rule 56 that there is a genuine issue of fact."

The record reflects this statement of the trial court to be erroneous. One of the forms of evidence to be considered in determining a motion for summary judgment pursuant to Civ. R. 56(C) is answers to interrogatories. The record reflects that third-party defendant Milligan posed certain interrogatories to defendant Hadler, with the fourth interrogatory specifically requesting the date that defendant Hadler contends third-party defendant Milligan rendered his last professional service in connection with the

municipal court eviction case, which is the subject of this action. To this interrogatory, defendant Hadler responded: "December 12, 1979, at the latest." Accordingly, construing the evidence most strongly in favor of defendant Hadler, as Civ. R. 56 requires, the last services performed by defendant Milligan with respect to the municipal court eviction case, which is the subject of this action, were on or about December 12, 1979, not June 2, 1978, as found by the trial court. Since the third-party complaint was filed within a year after that date, it is quite clear that reasonable minds could reach different conclusions upon the factual issue as to whether the claim was filed within one year after the last professional services were rendered by defendant Milligan with respect to the municipal court eviction case.

In addition, the deposition of third-party defendant Milligan indicates that his last professional services rendered on behalf of defendant Hadler were on December 23, 1980. He further indicated that his relationship with defendant Hadler had existed for approximately ten years and was rather loose in that from time to time he would send it a letter stating his fee schedule and that defendant Hadler then would notify him when an eviction proceeding was to be commenced. During the ten-year association, third-party defendant handled approximately eight to ten cases per month for defendant Hadler. While third-party defendant Milligan indirectly indicated that a new attorney-client relationship was created for each eviction case, the totality of the circumstances described by him in his deposition gives rise to a factual issue as to whether there was only a single on-going attorney-client relationship existing for the ten-year period involving many different and distinct cases.

Thus, there is a factual issue as to when the attorney-client relationship finally terminated raised by the deposition of third-party defendant Milligan.

There was such a relationship according to his testimony until December 23, 1980, although he contends that it was a series of different relationships, not a continuing relationship. In Ohio, a malpractice action against an attorney accrues, at the latest, when the attorney-client relationship terminates rather than at the time of the act or omission upon which the malpractice is predicated. The Supreme Court so held in *Keaton Co.* v. *Kolby* (1971), 27 Ohio St. 2d 234 [56 O.O.2d 139], reversing a judgment finding the malpractice claim to have accrued at the time of the negligent act involved and disapproving *Galloway* v. *Hood* (1941), 69 Ohio App. 278 [24 O.O. 66], which held that the malpractice statute of limitations commences to run at the time the attorney's nonfeasance occurs. While the discovery rule has been rejected in Ohio (see *Wyler* v. *Tripi* [1971], 25 Ohio St. 2d 164 [54 O.O.2d 283]), the rule of *Keaton* that the commencement of the running of the statute of limitations is delayed until the attorney-client relationship terminates serves partially the same purpose. As the Supreme Court noted, the termination rule strengthens the attorney-client relationship in that there is continued faith in the attorney to correct any errors that he has made during that relationship. The client relies upon the attorney to make such corrections, and the attorney has full opportunity to do so to the extent possible. Also, during the relationship, the client need not be constantly on guard against possible error on the part of his attorney since he may rely upon the attorney's advice and actions with the knowledge that he has no duty to discover any misfeasance or nonfeasance on the part of his attorney until the relationship has ceased. Thus, as stated in *Wyler, supra,* at page 168, with respect to a physician-patient relationship "the termination rule is conducive to that mutual confidence which is essential to the * * * relationship." This is the predicate for *Keaton,* and third-party

defendant Milligan's deposition indicates that that relationship did not terminate until December 1980, even though all work with respect to the particular eviction case had been completed earlier.

Accordingly, the trial court erred in finding there to be no genuine issue as to the material fact of the date of termination of the attorney-client relationship between defendant Hadler and third-party defendant Milligan with respect to both its direct and indirect application to the eviction case, which is the subject of plaintiff's action. To this extent, and for this reason, the second assignment of error is well taken.

For the foregoing reasons, the first assignment of error is overruled, and the second assignment of error is sustained; and the judgment of the Franklin County Court of Common Pleas granting summary judgment to third-party defendant Milligan is reversed; and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed
and cause remanded.*

McCORMAC and MOYER, JJ., concur.