Gabriele OMLIN, Plaintiff–Appellant,

v.

KAUFMAN & CUMBERLAND COMPANY, L.P.A., Defendant–Appellee.

Nos. 00–4003, 00–4142.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

■■■■■■■■■■■■■■■■■■■■

Before BOGGS and CLAY, Circuit Judges; ROBERTS, District Judge.*

## ORDER

Gabriele Omlin, a pro se resident of Switzerland, appeals a district court order dismissing her civil action filed pursuant to 28 U.S.C. § 1332(a)(2) and a district court order denying her an extension of time so this court could review a non-final order. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Omlin sued the law firm of Kaufman & Cumberland contending that: 1) work performed for her was below the minimum standard of care; 2) the law firm did not comply with its duty to engage in proper discovery; and 3) the firm made false representations for the purpose of inducing her to enter into a representation agreement. The district court subsequently granted summary judgment to Kaufman & Cumberland concluding that Omlin's complaint was barred by Ohio's applicable statute of limitations.

In her timely appeals, Omlin argues that the district court should not have granted summary judgment to Kaufman & Cumberland as genuine issues of material fact existed; that the district court erred in ignoring her amended complaint; that the district court should not have construed her complaint as an action for breach of

contract, breach of fiduciary duty, and tort claim; and that her complaint was not barred by the applicable statute of limitations.

■ The court reviews the district court's orders de novo. *See Allen v. Michigan Dept. of Corr.*, 165 F.3d 405, 409 (6th Cir.1999). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. When reviewing a motion for summary judgment, the court must view the evidence and any inferences that may be drawn from the evidence in the light most favorable to the non-moving party. *Id.*

■ Omlin's complaint is barred by Ohio's one-year statute of limitations. Under Ohio law, the statute of limitations for a legal malpractice action is one year. Ohio Rev.Code § 2305.11(A)(1). In *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398, 401 (Ohio 1989), the court stated that the statute of limitations:

> begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.

In this case, termination of the attorney-client relationship is the later event. Omlin's alleged injuries, which placed her on

---

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

notice of a possible need to pursue remedies against Kaufman & Cumberland, was when she perceived "mistakes in lawyering." Omlin learned of these mistakes, at the latest, on January 5, 1998, when she sent Kaufman & Cumberland her notice demanding that the firm "correct your mistakes" or withdraw as counsel. The termination of Omlin's attorney-client relationship with the firm occurred the next day on January 6, 1998, when Omlin directed Kaufman & Cumberland to advise the courts, "that at my request you are withdrawing as counsel effective immediately."

█ An attorney-client relationship is not continued or extended, for the purposes of running the statute of limitations, by the amount of time it takes the attorney to withdraw as counsel. *See Wozniak v. Tonidandel*, 121 Ohio App.3d 221, 699 N.E.2d 555, 558–59 (Ohio Ct.App.1997). As Omlin terminated her relationship with Kaufman & Cumberland on January 6, 1998, the one-year statute of limitations on her claim began to run on this date. Thus, Omlin was required to bring any malpractice claim against Kaufman & Cumberland on or before January 6, 1999. However, Omlin did not file her complaint until January 8, 1999. Thus, Omlin's action is time barred.

█ Although Omlin argues that this action was not a malpractice action, but a breach of contract, breach of fiduciary duty, and tort action, an "action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App.3d 89, 446 N.E.2d 820, 822 (Ohio Ct.App.1982). The *Muir* court noted that:

"[m]alpractice by any other name still constitutes malpractice.... [M]isconduct may consist either of negligence or of the breach of the contract of employment. It makes no difference whether the professional misconduct is found in tort or contract, it still constitutes malpractice. Accordingly, the one year malpractice statute of limitations set forth in R.C. 2305.11 is applicable." *Id.* Thus, Omlin's attempt to characterize her action as something other than a legal malpractice proceeding is without merit.

Omlin contends that the district court ignored her amended complaint and that genuine issues of fact prevent the granting of summary judgment to Kaufman & Cumberland. Despite Omlin's arguments, the undisputed facts establish that her attorney-client relationship with Kaufman & Cumberland terminated on January 6, 1998. However, she did not file her complaint until January 8, 1999. Therefore, the action is barred.

█ Finally, Omlin has appealed the district court's order denying her an extension of time to appeal a non-final order. An appeal from a final judgment draws into question all prior non-final rulings and orders. *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994). As Omlin has appealed the district court's final judgment, the district court's prior denial of Omlin's motion to strike is properly before this court. *Id.* Therefore, the second notice of appeal is duplicative. In addition, as Omlin's complaint is barred by the applicable statute of limitations, the motion to strike was properly denied.

Accordingly, we affirm the district court's orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit.