JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Gabriele Omlin ("appellant") appeals from the judgment of the trial court which granted summary judgment in favor of defendant-appellee Kaufmann Cumberland Co., L.P.A. ("K C"). For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} The dispute in this case arises out of an agreement between the appellant and K C for legal services. The appellant contends that she entered into an agreement to have Frank Cumberland of K C exclusively handle her legal work. The appellant further contends that she thought his hourly rate of $195 was quite high, but hired him after Mr. Cumberland convinced her that his legal expertise in international law and other areas of the law would be beneficial to her. They entered into a written agreement which explained that the appellant's work would be completed by Frank Cumberland and at times, by associates and other staff members at K C. The appellant paid a retainer fee and engaged K C. Eventually, the appellant became unsatisfied with the manner in which K C handled her landlord-tenant case and thereafter terminated their services.
 {¶ 3} The appellant then filed a complaint against K C in the United States District Court for the Northern District of Ohio in 2000, alleging breach of contract, intentional breach of fiduciary duty and fraud. The district court granted summary judgment in favor of the K C, which was affirmed on appeal.
 {¶ 4} On January 4, 2002, the appellant filed a complaint in the Cuyahoga County Court of Common Pleas, alleging that K C breached the agreement by failing to provide the agreed professional services of Frank J. Cumberland. As a result of that breach, the appellant sought damages for loss of tort claim against her former landlord, attorney fees and costs of litigation in her underlying landlord-tenant dispute. The trial court granted summary judgment in favor of K C.
 {¶ 5} On appeal to this court, the appellant alleges that "as a direct and foreseeable result of Frank J. Cumberland's failure to defend her in the landlord-tenant matter as agreed, appellant was ordered to pay damages and lost prospective compensation for bodily injury appellant suffered from the landlord's failure to properly maintain the premises." (Appellant's brief, p. 6) Further, the appellant states that because she did not receive the benefit of Mr. Cumberland's expertise in international law, which she specifically bargained for, clients discontinued their business with her because of a false perception that her visa had expired and she would no longer be able to travel to the United States.
 {¶ 6} The appellant asserts a sole assignment of error for our review, which reads:
 {¶ 7} "I. The trial court erred n (sic.) granting defendant-appellee's motion for summary judgment and dismissing the case."
 {¶ 8} The appellant challenges the trial court's order granting summary judgment in favor of the defendant-appellee claiming that genuine issues of material fact existed regarding whether a contract existed between her and K C, that she stated a separate and distinct cause of action for breach of contract outside of a legal malpractice claim, and that her action was not barred by res judicata. K C maintains that the appellant's action was barred res judicata. We agree with K C.
 {¶ 9} We note initially that appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585, 706 N.E.2d 860. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 10} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267. See, also, State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639.
 {¶ 11} The doctrine of res judicata involves both claim preclusion, and issue preclusion. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. A "transaction" is a "common nucleus of operative facts."Grava, 73 Ohio St.3d at 382, quoting 1 Restatement of the Law 2d, Judgments (1982), Section 24, Comment b. Issue preclusion, prevents relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." Krahn v. Kinney (1989),43 Ohio St.3d 103, 107, 538 N.E.2d 1058.
 {¶ 12} Regarding the issue of res judicata with federal court, "to the extent to which a federal court judgment operates as res judicata in the federal court, it also operates as res judicata in Ohio State courts." Powell v. Doyle (Oct. 8, 1998), Cuyahoga App. No. 72900, at *8, citing Horne v. Woolever (1959), 170 Ohio St. 178.
 {¶ 13} In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits. Id. citing,DK Properties Crystal Lake v. Mutual Life Ins. Co. of New York
(C.A. 1997), 112 F.3d 257.
 {¶ 14} In determining that res judicata bars the appellant's state law claims, we find the parties in the federal action and the instant state action are identical. Further, the appellant does not dispute that the new claim brought before the state court, to wit, breach of contract, was also raised in the appellant's action in federal court. (Appellant's brief, p. 6) Finally, there was a final judgment on the merits in that case. Specifically, the federal district court rejected the appellant's breach of contract claim and found that it was a legal malpractice claim couched in terms of breach of contract, stating:
 {¶ 15} "In her opposition to K C's motion for summary judgment, Omlin argues that this action is `not a malpractice action, but a breach of contract claim.'" Opposition brief at 4. * * * Case law makes it clear, however, that "[i]n Ohio the applicable statute of limitations is determined not from the form of pleading or procedure, but from the gist of the complaint." Ward v. Lynch (Ohio Ct.App. Dec. 7, 1995). An "action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." Muir v. Hadler Real Estate Management Co., 446 N.E.2d 820,822, (Ohio Ct.App. 1982 (citations omitted). The Muir court continued: "[m]alpractice by any other name still constitutes malpractice . . . [U]nprofessional misconduct may consist either of negligence or the breach of contract of employment. It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice. Accordingly, the one year malpractice statute of limitations set forth in R.C. 2305.11 is applicable. Id." Omlin v.Kaufman Cumberland, Co. (July 7, 2000), U.S. District Court, N.D. Ohio, Case No. 99-00047.
 {¶ 16} The federal district court thereafter granted summary judgment in favor of K C, noting that no question existed that the gist of her claim was legal malpractice, subject to a one year statute of limitations, which had already expired. The appellant appealed to the United States Court of Appeals for the Sixth Circuit, urging that court to consider her claim as it was filed, breach of contract, inter alia, and not legal malpractice. Omlin v. Kaufman Cumberland, L.P.A.
(C.A. 6, 2001), 8 Fed. Appx. 477, certiorari denied (2001), 534 U.S. 1022. The court of appeals rejected the appellant's breach of contract claim, affirming the district court's characterization that her breach of contract claim was essentially a legal malpractice claim.
 {¶ 17} We find that the doctrine of res judicata bars the appellant's breach of contract claim against K C. In this case, the appellant is seeking to relitigate the issue of whether her breach of contract claim is separate and distinct from a legal malpractice claim. However, there is no dispute that the identity of the parties and claims are the same with regard to the appellant's state and federal claims, and that there was a final judgment on the merits regarding such claims. Applying the doctrine of res judicata, we find that the appellant's breach of contract claim was barred and the trial court properly granted summary judgment in favor of K C. We therefore overrule the appellant's sole assignment of error.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., concur.