[Cite as *MacDonald v. Webb Ins. Agency, Inc.*, 2015-Ohio-4623.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

ROBERT E. MACDONALD, ET AL.,        CASE NO. 1-15-27

    PLAINTIFFS-APPELLANTS,

    v.

WEBB INSURANCE AGENCY, INC.,        **O P I N I O N**

    DEFENDANT-APPELLEE.

Appeal from Allen County Common Pleas Court

Trial Court No. CV 2014 0223

**Judgment Affirmed**

Date of Decision: November 9, 2015

APPEARANCES:

    *Michael A. Rumer and Victoria Maisch Rumer* for Appellants

    *Robert B. Fitzgerald* for Appellee

**ROGERS, P.J**

{¶1} Plaintiffs-Appellants, Robert E. MacDonald ("Robert") and Jean E. MacDonald ("Jean") (collectively "the MacDonalds"), appeal the judgment of the Court of Common Pleas of Allen County granting summary judgment in favor of Defendant-Appellee, Webb Insurance Agency, Inc. ("Webb Insurance"). On appeal, the MacDonalds argue that the trial court erred by (1) determining that they suffered no actual damages as necessary to establish a prima facie case for negligence; (2) determining that their alleged damages were barred by the economic loss rule; (3) determining that their alleged damages were precluded under R.C. 2721.13(A)(1); and (4) granting Webb Insurance's motion for summary judgment and dismissing their claim for negligent misrepresentation. For the reasons set forth herein, we affirm the judgment of the trial court.

{¶2} The MacDonalds' current claims stem from an earlier dispute between the MacDonalds and their insurance company concerning the terms of the MacDonalds' insurance policy. As both suits concern the same generally undisputed facts, we refer, in relevant part, to the facts set forth in *MacDonald v. Auto-Owners*, 3d Dist. Allen No. 1-12-25, 2012-Ohio-5949.

{¶3} On March 23, 1961, the MacDonalds purchased a three-story home ("the Spencerville home") located at 547 North Broadway Street in Spencerville, Ohio, where the couple lived and raised their four children. In 2006, Robert

retired. The following year, the MacDonalds moved to Michigan. Despite the move, the MacDonalds continued to use the Spencerville home intermittently.

{¶4} On or about December 8, 2008, Robert informed his insurance agent, Roger Stokes ("Stokes") of Webb Insurance, that the Spencerville home would be leased for commercial purposes as of January 1, 2009. Stokes informed Robert that he would need to obtain a commercial insurance policy to reflect the property's change in use. Thereafter, Owners Insurance issued a new commercial insurance policy effective January 22, 2009. A few months later, on March 12, 2009, Stokes mailed a copy of the new commercial policy to Robert, which included a provision excluding coverage for any water-related loss or damage if the building remained vacant for more than 60 consecutive days preceding the loss or damage.

{¶5} On July 1, 2009, the Spencerville home's lessee vacated the premises. On or about September 25, 2009, Robert informed Stokes of the vacancy, and Stokes cautioned Robert that, as a result of the vacancy, Owners Insurance might not renew the commercial policy for the following year.

{¶6} On January 11, 2010, Webb Insurance notified Owners Insurance that the Spencerville home was vacant; nevertheless, Owners Insurance renewed the commercial policy on January 22, 2010.

**{¶7}** On June 2, 2010, Mike Sarno, another Webb Insurance agent, called Robert for an update on the Spencerville home. Robert informed Sarno that the home remained vacant.

**{¶8}** On June 3, 2010, Owners Insurance notified Webb Insurance that they would remain on the policy until January 22, 2011. Due to the Spencerville home's vacancy, however, Owners Insurance stated that they would not renew the MacDonalds' policy again.

**{¶9}** A few days later, on June 23, 2010, Robert visited the Spencerville home and discovered extensive water damage, originating from a water line rupture in the attic space near the third floor bathroom. Robert reported the damage to Webb Insurance.

**{¶10}** On June 24, 2010, Owners assigned the loss to Crawford & Company ("Crawford"), an adjusting company, who assigned the claim to their employee, Shawn Burden ("Burden").

**{¶11}** Over the course of the next few months, the Spencerville home underwent extensive demolition and repair. During that time, Burden continuously indicated to both the MacDonalds and their family that the Spencerville home would be fully restored under the terms of their insurance policy.

{¶12} On September 10, 2010, Owners Insurance sent a letter to the MacDonalds denying their insurance claim on the grounds that loss was excluded from coverage by application of the policy's vacancy provision.

{¶13} On September 14, 2010, Robert called Stokes regarding the denial letter. Stokes informed Robert that he would be reimbursed for only the work Burden authorized.

{¶14} On January 25, 2011, the MacDonald's filed a complaint in the Court of Common Pleas of Allen County seeking, in relevant part, a declaration from the trial court that Owners Insurance was obligated to cover the cost of repairs under the terms of their policy.[1]

{¶15} Ultimately, the trial court granted summary judgment in favor of the MacDonalds finding that Owners Insurance was estopped from asserting the vacancy provision due to the misrepresentations of its agent. On review, the trial court's judgment was affirmed. *MacDonald*, 2012-Ohio-5949 at ¶ 60.

{¶16} Based on these events, on April 7, 2015, the MacDonalds filed a complaint in the Court of Common Pleas of Allen County asserting claims of negligence and negligent misrepresentation against Webb Insurance. The complaint alleged that Webb Insurance was liable to the MacDonalds for money

---

[1] The complaint named several other defendants and alleged various theories of relief against each. The trial court stayed all claims pending resolution of the issue of coverage.

damages caused by the negligent acts of its agents, Stokes and Sarno. Specifically, the MacDonalds averred that, but for the negligent conduct of Stokes and Sarno, they would not have incurred the expense of litigating the issue of coverage against Owners Insurance.

{¶17} On May 20, 2014, Webb Insurance filed its answer denying liability and raising several affirmative defenses.

{¶18} Due to the nature of the MacDonalds' claims, on January 27, 2015, the trial court ordered that discovery from the MacDonalds' earlier suit against Owners Insurance be transferred and incorporated into the present suit against Webb Insurance.[2]

{¶19} On February 6, 2015, Webb Insurance filed a motion for summary judgment. In its motion, Webb Insurance argued that the MacDonalds' alleged damages (i.e., attorney fees accrued in connection with seeking declaratory relief) were purely economic and therefore barred under the well-established economic loss rule. Attached to Webb Insurance's motion was (1) the trial court's entry granting summary judgment in favor of the MacDonalds in their earlier suit against Owners Insurance; (2) this court's opinion and entry affirming the trial court's judgment; and (3) supporting case law.

---

[2] Thereafter, discovery from case CV 2011 0048 was transferred and incorporated into case CV 2014 0223.

**{¶20}** On March 9, 2015, the MacDonalds filed their response arguing that summary judgment was improper because they had established a prima facie case for negligence and negligent misrepresentation and genuine issues of material fact remained. More specifically, the MacDonalds averred that their attorney fees were recoverable damages.

**{¶21}** On March 19, 2015, Webb Insurance filed a reply noting the MacDonalds had an independent duty to read the terms of their policy, including the vacancy provision, and again reemphasizing that there was no legal basis for the recovery of their attorney fees.

**{¶22}** On April 23, 2015, the trial court granted summary judgment in favor of Webb Insurance. In doing so, the trial court found that (1) the MacDonalds lacked actual damages because the damage to their home was fully covered under the terms of their insurance policy; (2) their alleged damages were purely economic and therefore barred by the economic loss rule; and (3) irrespective of the economic loss rule, the MacDonalds were not entitled to attorney fees under R.C. 2721.16.

**{¶23}** It is from this judgment that the MacDonalds appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT NO GENUINE ISSUES OF MATERIAL FACT EXISTED IN THE CASE AT BAR SINCE "DAMAGE NO LONGER EXIST" AS TO PLAINTIFFS' NEGLIGENCE CLAIM.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN DETERMINING THAT THE ECONOMIC-LOSS RULE PREVENTS PLAINTIFFS' RECOVERY OF DAMAGES UNDER THEIR NEGLIGENCE CLAIM BECAUSE "[T]HE LOSS SUFFERED BY THE ALLEGED NEGLIGENCE OF DEFENDANT WAS PURELY ECONOMIC."**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED IN APPLYING R.C. 2721.16 TO THE CASE AT BAR IN THAT THE INSTANT MATTER IS NOT A CLAIM OR PROCEEDING FOR DECLARATORY RELIEF.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN GRANTING DEFENDANT SUMMARY JUDGMENT AND DISMISSING PLAINTIFFS' CLAIM FOR NEGLIGENT MISREPRESENTATION WHEN THERE ARE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER DEFENDANT'S AGENT USED REASONABLE CARE IN COMMUNICATING POLICY INFORMATION TO PLAINTIFFS REGARDING COVERAGE UNDER PLAINTIFFS' 2009 AND 2010 INSURANCE POLICIES.**

{¶24} Due to the nature of the MacDonalds' assignments of error, we elect to address some of them together and out of order.

*Assignments of Error Nos. I & IV*

**{¶25}** In their first and fourth assignments of error, the MacDonalds argue that the trial court erred in granting summary judgment in favor of Webb Insurance. We disagree.

**{¶26}** An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist.1999). Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(E). In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." Id. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶27} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id.* at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id.*; Civ.R. 56(E).

{¶28} The fundamental question in this case is whether attorney fees accrued in connection with a claim or proceeding for declaratory relief can serve as sufficient damages in a subsequent action in negligence. As this is a case of first impression, we necessarily must address the juxtaposition between the American Rule governing the recovery of attorney fees and Ohio tort law.

{¶29} "Ohio has long adhered to the 'American Rule' with respect to the recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7. Exceptions to the rule allow for recovery "when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees, * * * or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant * * *." *Id.*

**{¶30}** Up until recently, the General Assembly had yet to enact a statute expressly disallowing the recovery of attorney fees accrued in connection with a claim or proceeding for declaratory relief. Courts were permitted to award recovery under the authority of R.C. 2721.09, which provides, in relevant part, that "whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment * * *. " *See e.g.*, *Motorists Mut. Ins. Co. v. Brandenburg*, 72 Ohio St.3d 157 (1995).

**{¶31}** In 1999, in order to perpetuate adherence to the "American Rule," the General Assembly enacted R.C. 2721.16, which superseded R.C. 2721.09 insofar as it permitted the recovery of attorney fees accrued in connection with a claim or proceeding for declaratory relief. Under R.C. 2721.16(A)(1), a court shall not award attorney fees to "any party on a claim or proceeding for declaratory relief * * * ." Recovery is allowed only where the Revised Code explicitly authorizes such an award or where attorney fees are authorized by R.C. 2323.51, the Civil Rules, or by an award of punitive or exemplary damages against the party ordered to pay attorney fees. *Id.*

**{¶32}** In the case sub judice, the MacDonalds' alleged damages consists entirely of attorney fees accrued in connection with their pursuit of declaratory relief against their insurance company concerning the extent of their policy's coverage. By application of the American Rule, the MacDonalds are responsible for these fees unless a statute or contract provides otherwise.

{¶33} As noted above, R.C. 2721.16 now governs the recovery of attorney fees in declaratory relief actions and generally bars recovery unless a specific statutory exception is triggered. Here, none of the exceptions carved out by the General Assembly are applicable; there is neither a code section permitting recovery nor an award of punitive or exemplary damages. Thus, under the American Rule, the MacDonalds are not entitled to recover their attorney fees accrued in connection with their claim for declaratory relief.

{¶34} With this in mind, we next consider whether the MacDonalds can recover these fees through an action in negligence. It is well settled that the elements of an ordinary negligence are (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) damages resulting proximately therefrom. *Hartings v. Xu*, 3d Dist. Mercer No. 10-13-11, 2014-Ohio-1794, ¶ 72. Proof of damages is also an essential element in a claim of negligent misrepresentation. *See*, *e.g.*, *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 150 (9th Dist.1996).

{¶35} The MacDonalds aver that their attorney fees constitute sufficient damages in a negligence action under a theory analogous to legal malpractice, which permits the recovery of attorney fees where an attorney commits professional misconduct. Specifically, the MacDonalds allege that Webb Insurance committed professional misconduct by indicating that their insurance policy was effective despite the Spencerville home's vacancy.

**{¶36}** "[M]alpractice consists of 'the professional misconduct of members of the medical profession and attorneys.' Such professional misconduct may consist either of negligence or of breach of the contract of employment * * *." *Wilkerson v. O'Shea*, 12th Dist. Butler, No. CA2009-03-068, 2009-Ohio-6550, ¶ 13, quoting *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App.3d 89, 90 (10th Dist.1982). While a legal malpractice action can be rooted in tort, it is strictly limited to a certain type of professional relationship (i.e., attorney-client). Quite obviously, this type of relationship does not exist between the MacDonalds and Webb Insurance. Nonetheless, the MacDonalds argue that because an insurance agent owes a legal duty to an insured, a breach of that duty constitutes professional misconduct, similar to the type alleged in a legal malpractice action, thereby permitting the recovery of attorney fees.

**{¶37}** The MacDonalds further argue that the trial court erred in dismissing their claim for negligent misrepresentation. Specifically, the MacDonalds claim that attorney fees are sufficient damages in a negligent misrepresentation action pursuant to the Ohio Supreme Court's finding in *Haddon View Inv. Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154 (1982). In *Haddon View*, the court found that "an accountant may be liable for purely economic damages based upon negligent misrepresentation to third parties 'when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen.' " *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.

{¶38} 3d 412, 2005-Ohio-5409, ¶ 7, quoting *Haddon View* at 157. Relying on *Haddon View,* the MacDonalds maintain that their damages, although purely economic, are recoverable because an insurance agent owes professional duties to an insured.

{¶39} However, the issue in this case is not whether the MacDonalds' negligence claim is analogous to a malpractice action, or whether their alleged damages are subject to an exception to the economic loss rule such as the one delineated in *Haddon View*. Rather, the relevant inquiry is whether attorney fees accrued in connection with seeking declaratory relief can, as a matter of law, serve as sufficient damages in a later negligence-based action. The MacDonalds cite to no case law supporting this proposition.

{¶40} The General Assembly has made clear that attorney fees accrued in connection with seeking declaratory relief are not recoverable. In enacting R.C. 2721.16, the General Assembly sought to preserve the American Rule and its application to attorney fees accrued in connection with seeking declaratory relief. In absence of case law indicating to the contrary, we cannot adopt a rule that thwarts that purpose. Thus, we cannot find that attorney fees expressly barred under R.C. 2721.16 serve as sufficient damages in a later negligence-based action.

{¶41} In light of the foregoing, we cannot say that the trial court erred in granting summary judgment in favor of Webb Insurance, as the MacDonalds

lacked sufficient damages to maintain actions in negligence. Accordingly, the MacDonalds' first and fourth assignments of error are overruled.

*Assignments of Error Nos. II & III*

**{¶42}** In light of our disposition of the MacDonalds' First and Fourth Assignments of Error, their remaining assignments of error are rendered moot and need not be considered. App.R. 12(A)(1)(c).

**{¶43}** Having found no error prejudicial to the appellants, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hlo**