DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas, in which the trial court granted summary judgment to appellee, Carol L. Damrauer, and dismissed the complaint filed by appellant, Shawn Caston, in an action for damages arising from claims of legal malpractice and fraud.
 {¶ 2} On appeal, appellant, acting pro se, sets forth the following two assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court abused it's [sic] discretion and prejudicially erred in granting summary judgment to the appellee based on it's [sic] finding that appellant failed to identify fraud, concealment or misrepresentation, and that appellant's claim of fraud is barred by the four year statue [sic] of limitations.
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court's determination that appellant's claim of fraud is timed [sic] barred pursuant to R.C. 2305.09, is erroneous as a matter of law."
 {¶ 7} Shortly after 3 a.m. on June 6, 1994, a drive-by shooting occurred outside a residence in Sandusky, Ohio. As a result of the shooting incident, a woman sitting in a car outside the residence was killed, and another woman sitting on a couch inside the house was wounded. The next day, appellant was arrested and interviewed by the Sandusky Police. The interview was videotaped. At the time of the interview appellant was not represented by counsel.
 {¶ 8} In April 1995, a jury trial was held, at which appellant was represented by counsel. The evidence presented included the playing of appellant's videotaped interview. At the close of all the evidence, appellant was found guilty of complicity to commit murder, complicity to commit improperly discharging a firearm into a habitation with a specification for harm and a firearm specification, and two counts of complicity to commit felonious assault with a firearm specification.
 {¶ 9} Appellee, Carol Damrauer, was appointed to represent appellant on direct appeal. The sole assignment of error presented for this court's review was that appellant's conviction was against the manifest weight of the evidence. On March 14, 1997, this court upheld appellant's conviction. See State v. Caston (Mar. 14, 1997), Erie App. No. E-95-035.
 {¶ 10} Appellant, acting pro se, filed an application to reopen his appeal on June 2, 1997, in which he argued that he received ineffective assistance of counsel in the trial court and on appeal. Specifically, appellant alleged that the record contained several viable issues that were not argued on appeal, including trial counsel's failure to filed a motion to suppress the videotaped interview and trial counsel's admission during his opening statement that appellant was driving the vehicle that was involved in the drive-by shooting. In an affidavit attached to his application, appellant stated that:
 {¶ 11} "Appellate counsel's failure [to brief and argue the issues described herein] has effectively waived my right to raise the issue of ineffective trial counsel in a petition for postconviction relief, in that the issue should have been and/or could have been raised on direct appeal while I was represented by different counsel * * *."
 {¶ 12} On August 13, 1997, this court found that: "1) [appellant] was in custody and was being questioned by the police when he made a videotaped statement that was played for the jury; 2) he made several clear requests for counsel; and 3) the policy improperly continued to question appellant after each of his clear requests for counsel." However, we concluded that appellant's case was not prejudiced due to the admission of the videotape. In addition, we found that appellant was not unduly prejudiced when his appointed attorney stated in opening remarks that appellant was driving the vehicle from which shots were fired. Accordingly, we concluded that appellant did not receive ineffective assistance of trial counsel or appellate counsel, and denied the application to reopen his appeal. See State v. Caston, (Aug. 13, 1997), 6th Dist. App. No. E-95-035.
 {¶ 13} On February 23, 1998, appellant, again acting pro se, filed a petition for a writ of habeas corpus in United States District Court, Northern District of Ohio, Western Division, in which he reasserted the claim that he received ineffective assistance of counsel in the trial court and on direct appeal. On October 13, 1999, United States District Court Judge John Potter agreed with appellant, granted the petition, and remanded the case to the trial court with an order to either release appellant or grant him a new trial within 90 days. On remand, appellant entered a guilty plea.
 {¶ 14} On April 2, 2002, appellant filed the complaint herein, in which he set forth a legal malpractice claim arising from appellee's alleged "professional negligence" during the course of his criminal appeal. Specifically, the complaint alleged that appellee failed to raise on appeal issues regarding his trial counsel's failure to attempt to suppress the videotaped interview and his trial counsel's statement to the jury that appellant was driving the vehicle from which shots were fired. Appellant asked for damages based on his five-year incarceration from the time of his conviction until his petition for a writ of habeas corpus was granted. On June 2, 2002, appellant filed an amended complaint, in which he further alleged that, in addition to legal malpractice, appellee was liable for fraud because she "willfully and negligently" failed to argue on appeal that trial counsel was ineffective, and deliberately misled appellant to believe that he had been properly represented by trial counsel when, in fact, she knew otherwise.
 {¶ 15} On June 21, 2002, appellee filed a motion to dismiss the complaint and an alternative motion for summary judgment, in which she argued that appellant's fraud claim was not distinguishable from his malpractice claim, which is barred by a one-year statute of limitations. Appellant filed a response thereto, in which he asserted that his claim for fraud is separate from the malpractice claim and therefore is not time-barred, because R.C. 2309.05 allows four years for bringing such a claim. In support thereof, appellant argued that that he did not discover that appellee had committed fraud until February, 2002, when a witness in the case, Krista Harris, told him that appellee conspired to cover up the fact that his defense attorney did not properly represent him at trial.
 {¶ 16} On April 23, 2003, the trial court filed a judgment entry in which it found that appellant's claim for legal malpractice was barred by the one-year statute of limitations set forth in R.C. 2305.11(A). The trial court further found that the amended complaint did not set forth appellant's fraud claim with particularity, as required by Civ.R. 9(B). Alternatively, the trial court found that appellant's fraud claim was barred by the four-year statute of limitations set forth in R.C. 2305.09. A timely notice of appeal was filed on May 22, 2003.
 {¶ 17} Appellant's two assignments of error will considered together, since he asserts in both that the trial court erred by granting appellee's motion for summary judgment.
 {¶ 18} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 19} Appellant does not dispute on appeal that his legal malpractice claim was barred by the one-year statute of limitations set forth in R.C. 2305.11(A). Appellant does argue, however, that his fraud claim should not be time-barred because: 1) the fraud claim is separate from his claim for legal malpractice; 2) pursuant to R.C. 2305.09, he had four years to bring a fraud claim; and 3) the alleged "fraud" was not discovered until February 2002, when he was contacted by Krista Harris.
 {¶ 20} Upon reviewing the entire record, it is evident that the amended complaint restates appellant's earlier assertion that appellee failed to argue ineffective assistance of trial counsel on appeal. In addition, we note that the information appellant allegedly received from Krista Harris in February 2002, constitutes inadmissible hearsay, which cannot be considered by this court. Accordingly, appellant's fraud claim is barred by the one-year statute of limitation in R.C. 2305.11(A).Richards v. St. Thomas Hospital, et al. (1986), 24 Ohio St.3d 27, 29. In addition, we agree with the trial court's conclusion that the amended complaint fails to set forth appellant's fraud claim with particularity as required by Civ.R. 9(B).
 {¶ 21} Upon consideration of the foregoing, we find that the trial court did not err by finding that appellant's fraud claim was time-barred.[1] Appellants two assignments of error are therefore not well-taken. We further find that no other genuine issues of fact remain and, construing the evidence most strongly in favor of the non-moving party, appellee is entitled to judgment as a matter of law.
 {¶ 22} The judgment of the Erie County Court of Common Pleas is hereby affirmed. The costs of these appellate proceedings are assessed to appellant, Shawn Caston.
Judgment Affirmed.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Mark L. Pietrykowski, J., concur.
[1] We recognize that our conclusion differs with that of the trial court in that it requires the application of R.C. 2305.11(A) instead of R.C. 2309.05. However, we are not required to reverse a correct judgment merely because it was based on different or even erroneous reasons. SeeCaston v. Bailey, 6th Dist. App. No. E-03-008, 2003-Ohio-4727, ¶ 6, citing Joyce v. G.M.C. (1990), 49 Ohio St.3d 93, 96.