DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Erie County Court of Common Pleas granting a motion for summary judgment in favor of appellee, John F. Kirwan. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} On appeal, appellants set forth the following two assignments of error:
 {¶ 3} "1. A common pelas (sic) court commits reversible error in granting summary judgment to a lawyer who was retained to assert and collect all the claims to which the injured worker was entitled, and who deliberately and fraudulently misrepresented to the worker and his wife that an action for the worker's rights had been filed in the Erie County Courthouse, but it hadn't, thus cause the worker to be delayed in filing his compensation claim, and the lawyer also had falsely misrepresented to the worker and his wife that the worker did not have a workers' compensation claim, when in fact, such was the strongest claim for broader relief, had by the worker and his wife.
 {¶ 4} "2. A trial court in dealing with a case that's been going on in 2 different suits for over 15 years, commits reversible error in denying an oral hearing, when it's been filed more than once; and the trial judge is the third judge on the case."
 {¶ 5} The facts relevant to the issues raised on appeal are as follows. Mr. Dingus initially contacted Attorney Kirwan in March 1983, regarding possible representation for an on-the-job injury claim. Kirwan refused to represent Dingus until there was evidence validating the injury. After Dingus contacted Kirwan again, Kirwan consented to send Norfolk Western Railroad a letter to determine whether it had a record of the injury. Lower Lake Dock's parent company later notified Kirwan it had no record of the injury. Despite all this, Kirwan consented to represent Dingus on July 29, 1983, after Dingus assured him there were witnesses who could verify the injury. A retainer agreement, signed the same day, memorialized the representation.
 {¶ 6} The Dinguses first filed suit against Kirwan in 1988. Their claim alleged Kirwan committed legal malpractice and fraud by improperly pursuing a Federal Employer's Liability Act ("FELA") claim in federal district court. They asserted a Longshoreman Claim with the United States Department of Labor was more appropriate. Further, they alleged Kirwan improperly failed to appeal their FELA decision and falsely misrepresented that he filed a claim for state action.
 {¶ 7} Kirwan moved for summary judgment, which the trial court granted on December 10, 1990. On February 28, 1992, this court affirmed the trial court's decision regarding the Dinguses' malpractice claim, but not with regard to their fraud claim. The Dinguses' appeal to the Supreme Court of Ohio was unsuccessful.
 {¶ 8} Mr. Dingus pursued a Longshoreman Claim while the fraud action was pending. Because the outcome of that claim affected the fraud action, the trial court stayed the case pending the United States Department of Labor's decision. On June 15, 1993, the administrative judge awarded medical benefits to Mr. Dingus, but denied compensation. In this decision, the court made two important findings of fact: "(1) Mr. Dingus knew or should have known of the causal relationship between his disability and his work injury on May 29, 1982; and (2) Mr. Dingus notified Lower Lake Dock Company of his injury on June 21, 1983." The administrative court denied a motion for reconsideration regarding this decision and no further appeal followed.
 {¶ 9} After the Longshoreman Claim concluded, the trial court lifted the stay on appellants' fraud action. A trial date was set, but on the day trial was to begin, appellants voluntarily dismissed their complaint. A year later, appellants re-filed the complaint. Kirwan again sought summary judgment and the trial court again granted it. This appeal followed.
 {¶ 10} Malpractice is "professional misconduct [by] members of the medical profession and attorneys." Richarson v. Doe
(1964), 176 Ohio St. 370, 372. It is a failure to: 1) treat a case professionally; or 2) fulfill a duty implied into the employment by law; or 3) exercise the degree of skill or care exercised by members of the same profession practicing in the same locality. See id. The object or essential grounds of the complaint determine the cause of action, not its language or form. Hibbett v. Cincinnati (1982), 4 Ohio App.3d 128, 130
(emphasis added). Clothing a malpractice action in the language of fraud, does not convert the action into one based on fraud.Nwabara v. Schoby (Nov. 13, 1986), 8th Dist. No. 51211. Malpractice by any other name is still malpractice. Richardson,
supra at 372. Most importantly, simply re-labeling a malpractice action as a fraud action will not extend the statute of limitations. See Caston v. Damrauer, 6th Dist. No. E-03-028,2003-Ohio-7258, at ¶ 20.
 {¶ 11} After reviewing the record, it is clear the object or essence of appellants' claim is for malpractice. They have alleged Kirwan "committed fraud" by asserting he had taken actions in their case, which were not performed. The net results of this alleged conduct are that the Dinguses failed to exhaust their appellate rights and Mr. Dingus was time-barred from filing the compensation portion of the Longshoreman Claim (this allegation, of course, ignores the fact that the statute of limitations on the Longshoreman Claim had already run before Kirwan was retained). These allegations are merely attempts to re-clothe malpractice as fraud. That appellate counsel essentially resubmitted his malpractice brief only goes to further this conclusion. This court has already rejected appellants' malpractice claim once, and now does so again. Appellants' first assignment of error is not well-taken.
 {¶ 12} In their second assignment of error, appellants assert the trial court erred in failing to grant an oral hearing pursuant to Civ.R. 56(C). Appellants assert Civ.R. 56(C) mandates such a hearing. While appellants' counsel has accurately quoted the rule's text, the text does not indicate a hearing is mandatory.
 {¶ 13} It is widely known that oral hearings on motions for summary judgment are granted at the court's discretion. Absent a showing of abuse of discretion, appellants' argument that the hearing was required must fail. An abuse of discretion connotes more than an error of law or judgment; it implies the action of the trial court was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Appellants' contention that this is a long-running and complicated case does not persuade us that such an abuse has occurred. We are confident the trial court has the experience and wisdom necessary to digest long-running or seemingly complicated case histories. Appellants point to nothing further that would indicate the trial court abused its discretion in denying an oral hearing. Thus, appellants' second assignment of error is also not well-taken.
 {¶ 14} On consideration whereof, this court finds appellants were not prejudiced and the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Parish, J. concur.