[Cite as *Nicolescu v. Smith*, 2023-Ohio-3610.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

BOGDAN NICOLESCU,

Plaintiff-Appellant,

v.

ROSS T. SMITH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0033**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 01960

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Bogdan Nicolescu*, *Pro se*, Reg. No. 64505-060, Federal Correctional Institution, P.O. Box 33, Terre Haute, Indiana 47808, Plaintiff-Appellant

*Atty. Thomas J. Wilson*, Comstock, Springer & Wilson Co., LPA, 100 Federal Plaza East, Suite 926, Youngstown, Ohio 44503-1811, for Defendant-Appellee

Dated: September 29, 2023

---

**WAITE, J.**

{¶1} Appellant Bogdan Nicolescu filed what can only be construed as a legal malpractice action against Appellee Attorney Ross Smith who represented him in a federal criminal case. Appellee filed a Civ.R. 12(B)(6) motion to dismiss based on the expiration of the statute of limitations for legal malpractice. The trial court held that on the face of the complaint it could readily be determined the action was filed long after the statute of limitations for a legal malpractice claim had expired. Therefore, the complaint was dismissed. Appellant challenges this ruling on appeal. It is apparent from the complaint that it is a legal malpractice action and was filed almost three years after the statute of limitations had run. Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

Case History

{¶2} Appellant alleges in his complaint filed in the Mahoning County Court of Common Pleas that Appellee, Attorney Ross T. Smith, represented him in a federal criminal matter involving computer and internet fraud. Appellant contends that he entered into a legal services contract with Appellee on or about January 11, 2017 (the "Contract"). Appellant alleges that the Contract contained a provision to hire a computer services expert to assist in the case. On November 7, 2018, Appellant learned that no computer services expert had been hired. Appellant terminated his Contract for legal services with Appellee on November 19, 2018.

{¶3} Appellant filed his complaint against Appellee on October 27, 2022. The Contract was attached to the complaint. The complaint alleged causes of action for breach of contract, fraud, and fraud in the inducement, but did not expressly mention a

legal malpractice claim. On December 8, 2022, Appellee filed a Civ.R. 12(B)(6) motion to dismiss the complaint. The basis of the motion was that the substance of the complaint was alleged to be legal malpractice, the statute of limitations for such a claim is one year, and the complaint on its face showed that the statute of limitations had expired prior to the filing of the complaint. Appellant responded to the motion to dismiss on January 3, 2023.

{¶4} On February 9, 2023, the trial court granted Appellee's motion to dismiss on the grounds alleged in his motion. Appellant filed this appeal on February 27, 2023. Appellant, who is representing himself, offers one assignment of error.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS UNDER CIV.R. 12(B)(6).

{¶5} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A court may grant a motion to dismiss only when the complaint, when construed in the light most favorable to the plaintiff and presuming all the factual allegations in the complaint are true, demonstrates that the plaintiff can prove no set of facts entitling him to relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶6} An appellate court reviews a ruling on a Civ.R. 12(B)(6) motion under a *de novo* standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In reviewing whether a motion to dismiss should be granted,

the reviewing court accepts as true all factual allegations in the complaint. *Mitchell* at 192.

**{¶7}** Appellee's motion to dismiss contained two arguments: that the complaint was for legal malpractice even though it did not directly use the phrase "legal malpractice;" and that the complaint on its face showed that the one-year statute of limitations for legal malpractice, R.C. 2305.11(A) and R.C. 2305.117, had expired prior to filing. Appellant's argument is that he successfully raised a breach of contract and fraud claims, that those claims have longer statutes of limitation than legal malpractice, and that those statutes of limitation had not expired when he filed his complaint. The statute of limitations for written contracts was eight years, former R.C. 2305.06, and for fraud is four years, R.C. 2305.09.

**{¶8}** Whether a complaint against an attorney asserts a claim for legal malpractice is determined from the substance or gist of the complaint and not the form of the pleading. *Harman v. Wise*, 7th Dist. Mahoning No. 00 CA 50, 2001 WL 1647301 (Dec. 10, 2001); *Nalluri v. Jones*, 10th Dist. Franklin No. 19AP-779, 2020-Ohio-4280, ¶ 17. The gist of a complaint sounds in malpractice when the allegations focus on the manner in which the attorney represented the client. *Creech v. Gaba*, 10th Dist. Franklin No. 15AP-1100, 2017-Ohio-195, ¶ 19-20. It does not matter whether the alleged professional misconduct is expressed in terms of breach of contract or tort. *Harmon* at *3. "When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as fraud and breach of contract, are subsumed within the legal-malpractice claim." *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 35.

**{¶9}** Appellant's complaint, although labeled as breach of contract and fraud, is based on allegations of legal malpractice. The legal services Contract is part of the record. Appellant's dissatisfaction with Appellee's representation occurred when Appellee stated in court on November 7, 2018, that he did not think a computer expert was needed. Appellant terminated the Contract less than two weeks later. Although the Contract mentions the use of a computer services expert, it is included under the expense section of the Contract. The Contract contains no promise to hire an expert. Appellant's disagreement with Appellee involves the manner in which Appellee used his professional judgment in deciding not to bring in an expert.

**{¶10}** The second part of the motion to dismiss involves the application of the legal malpractice statute of limitations found in R.C. 2305.11(A). As stated earlier, "[i]n Ohio the applicable statute of limitations is determined not from the form of pleading or procedure, but from the gist of the complaint." *Hibbett v. City of Cincinnati*, 4 Ohio App.3d 128, 131, 446 N.E.2d 549 (1982). A statute of limitations is an affirmative defense under Civ.R. 8(C). Typically, affirmative defenses rely on matters outside of the complaint and are not used to support a Civ.R. 12(B)(6) motion to dismiss. Nevertheless, "[a] motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11.

**{¶11}** "The term 'malpractice' refers to professional misconduct, i.e., the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances." *Strock v. Pressnell*, 38 Ohio St.3d 207, 211, 527 N.E.2d 1235 (1988). The elements of legal

malpractice are: 1) an attorney-client relationship giving rise to a duty; 2) a breach of that duty and a failure to conform to the standard required by law; and 3) a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164 (1997), at syllabus.

{¶12} "The one-year statute of limitations contained in R.C. 2305.11(A) is applicable to all claims sounding in legal malpractice." *Brust v. Kravitz*, 10th Dist. Franklin No. 16AP-201, 2016-Ohio-7871, ¶ 18.

{¶13} The Complaint contains two dates relevant to the statute of limitations. The first date is November 7, 2018, when Appellant discovered what he thought was a breach of Appellee's legal duty to hire a computer expert. The second is November 21, 2018, when Appellant terminated his contractual relationship with Appellee. Appellant's complaint was filed on October 27, 2022. Using either date, Appellant's complaint was filed nearly three years after the one-year statute of limitations had expired. Thus, the trial court's judgment granting Appellee's motion to dismiss appears correct.

{¶14} Appellant argues that the Contract contained provisions that made it more than a legal services contract, and therefore, he should have been able to pursue at least part of his breach of contract claim. He argues that there were multiple provisions regarding computer expert services, and it is the failure to provide those services that led to the filing of Appellant's complaint. There is no basis for Appellant's arguments. The Contract begins with: "I, Bogdan Nicolescu, wish to retain Attorney Ross T. Smith, Esq., for legal services * * *." (10/27/22 Complaint, Exh. A, p. 1.) There was a provision that the expense for a computer forensic expert would be covered by the original $25,000 retainer. The "expenses" provision was one of eight subsections of the Contract. There

is nothing in the Contract that could be construed as a separate contract involving a computer expert unrelated to the legal services contract. Even Appellant admits that the only purpose of hiring a computer expert was to aid in creating a defense in his criminal case, creating such a defense was the very purpose for hiring Appellee in the first place.

**{¶15}** Appellant argues that his fraud claim should have survived the dismissal motion because not all fraud is subsumed in the attorney-client relationship. Appellee's response is that simply using the word fraud does not change the nature of Appellant's complaint: "Clothing a malpractice action in the language of fraud, does not convert the action into one based on fraud." *Dingus v. Kirwan*, 6th Dist. Erie No. E-05-082, 2006-Ohio-4295, ¶ 10. It is clear from reviewing Appellant's fraud claim that Appellant disagreed with Appellee's professional opinion that an expert was not needed, and that he believes he was deprived of competent legal services when no expert was hired. Similarly, the fraud in the inducement claim states that Appellant was deprived of effective legal representation due to the failure to hire an expert. Again, nothing in the Contract can be read as a promise to hire an expert, but only any computer expert fees would be covered by the retainer.

**{¶16}** Appellant cites a federal district court case for his primary precedent that fraud may be alleged against an attorney separately from a legal malpractice claim. *NanoLogix, Inc. v. Novak*, N.D.Ohio No. 4:13-CV-1000, 2015 WL 1400656. In that case, an attorney entered into a letter of agreement with NanoLogix, Inc., to provide intellectual property legal services. At some point, NanoLogix became involved in a dispute with the director of the company that had helped recruit the attorney to work for NanoLogix. NanoLogix later filed a legal malpractice claim against the attorney alleging he failed to

reveal a conflict of interest when he continued to do work for the director's company even after the NanoLogix dispute arose. A fraud claim was later added based on the attorney's allegedly false representation that his services to NanoLogix were free of legal conflict.

{¶17} Most of the legal analysis in *NanoLogix, Inc.* does not support Appellant's argument. A separate fraud claim can only be brought if the nature of the attorney's services are not legal services, and only if the attorney's action is performed for personal gain. *Id.* at *6. The desire to obtain attorney's fees is not the type of personal gain that can support a separate fraud action. *Id.* Appellant's allegations are simply that Appellee failed to hire a computer expert in the course of his duties as an attorney. Appellant alleges there was no possible motivation for Appellee's actions other than the desire to obtain extra attorney fees.

{¶18} Appellant makes a similar argument as to why he believes a separate breach of contract action can be brought. The case he cites in support is *Warman v. L. Patrick Mulligan & Assoc. Co.*, 2nd Dist. Montgomery No. 22503, 2009-Ohio-1940. *Warman* does not involve a separate claim for breach of contract, and it cannot support his argument. Again, the only contract involved in Appellant's complaint is the legal services Contract, and there is no promise in that Contract to hire a computer expert.

{¶19} All other aspects of Appellant's brief on appeal deal with alleged deficiencies in performance of Appellee's legal services and do not address application of the legal malpractice statute of limitations. Therefore, Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Case No. 23 MA 0033

<u>Conclusion</u>

**{¶20}** Appellant brought a legal malpractice action against Appellee.  Although Appellant labeled the complaint as one for breach of contract and fraud, the gist of the complaint was legal malpractice.  Appellee moved to dismiss the case based on the one-year statute of limitations for legal malpractice.  Appellant argues that his breach of contract and fraud claims are separate from legal malpractice and have longer statutes of limitation, and should have survived the dismissal motion.  Appellant has cited to nothing in the Complaint or the legal services Contract to indicate he has raised anything other than a legal malpractice claim.  Therefore, his sole assignment of error is overruled, and the judgment of the trial court is affirmed.

Robb, J. concurs.

D'Apolito, P.J., concurs.

[Cite as *Nicolescu v. Smith*, 2023-Ohio-3610.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**