[Cite as *Gaffin v. Haslam*, 2024-Ohio-2117.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| Kevin L. Gaffin, | : | Case No. 23CA1180 |
| Plaintiff-Appellant, | : | |
| v. | : | |
| | | DECISION AND |
| Aaron R. Haslam, et al., | : | JUDGMENT ENTRY |
| Defendants-Appellees, | : | **RELEASED 5/30/2024** |

APPEARANCES:

Kevin L. Gaffin, Chillicothe, Ohio,  pro se appellant.

Holly Marie Wilson and Brianna M. Prislipsky, Reminger Co., L.P.A., Cleveland, Ohio, for appellees.

Hess, J.

{¶1}     Appellant Kevin L. Gaffin appeals the trial court's judgment in favor of appellees Aaron R. Haslam and Frost Brown Todd, LLC dismissing his claims against them on the ground that they are barred by the statute of repose, which bars legal malpractice claims brought four years after the act or occurrence constituting the alleged basis for the claim. Gaffin brought a complaint with three separate causes of action: fraud, breach of fiduciary duty, and legal malpractice. Haslam filed a motion for judgment on the pleadings arguing that all three claims were legal malpractice claims and time barred. The trial court agreed, granted the motion, and dismissed the complaint.

{¶2}     Gaffin appeals the dismissal of his complaint and, in his single assignment of error, contends that the trial court erred in dismissing his fraud claim. He argues the

fraud claim is distinct from the legal malpractice claim and he did not discover the facts giving rise to the fraud claim until March 30, 2023. Thus, Gaffin argues that the fraud claim is timely and should not have been dismissed.

{¶3}    We find that the trial court properly dismissed the fraud claim. For his fraud claim, Gaffin alleged that he paid Haslam $50,000 in legal fees so that Haslam and his firm would represent him in the 2015-2016 criminal proceedings. But, in March 2023, Gaffin learned that the law firm did not represent him, only Haslam did. Gaffin alleged that Haslam defrauded Gaffin and the law firm by "pocketing" the entire $50,000 in legal fees. However, alleged fraudulent billing practices fall within a claim for legal malpractice. Thus, the fraud claim is subsumed into the legal malpractice claim. The trial court properly dismissed his fraud claim when it dismissed his claims for legal malpractice and breach of fiduciary duty. We overrule Gaffin's assignment of error and affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶4}    On July 23, 2015, the Adams County Grand Jury returned a seven-count indictment against Gaffin. Gaffin was charged with: (1) three counts of rape in violation of R.C. 2907.02(A)(1)(b), each felonies of the first degree, with specifications; (2) three counts of sexual battery in violation of R.C. 2907.03(A)(5), each felonies of the second degree, with specifications; and (3) one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. It was alleged that Gaffin sexually assaulted his stepson, R.A., a minor, on two occasions when R.A. was only six or seven years old. Gaffin pleaded not guilty. *State v. Gaffin,* 4th Dist. Adams No. 16CA1027, 2017-Ohio-2935, ¶ 4 (*Gaffin I*).

{¶5} Haslam represented Gaffin in the criminal proceedings at the trial court level. On June 14, 2016, the case proceeded to trial and the jury returned a guilty verdict on all counts. On June 17, 2016, Gaffin was sentenced to three consecutive life sentences without the possibility of parole. *Id.* at ¶ 5, 14-15. Gaffin retained different appellate counsel, timely appealed, and raised claims of ineffective assistance of counsel concerning Haslam's representation of him. He alleged numerous instances of ineffective assistance of counsel:

> Gaffin alleges that defense counsel (1) breached his duty of loyalty; (2) failed to file any pre-trial motions to suppress, or object to, the forensic interviewer's report or the recording of her interview with R.A.; (3) failed to file a motion to redact inadmissible portions of the forensic interview; (4) failed to secure independent expert testimony or effectively cross-examine the State's expert; (5) failed to give an opening statement; (6) failed to object to evidence of prior bad acts that were irrelevant to the charges against him; (7) failed to object to numerous instances of inadmissible hearsay testimony or objected without setting forth a basis for the objection; (8) argued for the admission of his polygraph results; (9) failed to object when the State's witnesses improperly vouched for R.A.'s credibility; and (10) allowed the State to cross-examine him as to the credibility of the State's witnesses.

*Id.* at ¶ 28. Gaffin argued that the cumulative effect of Haslam's errors deprived him of his right to effective assistance of counsel. However, because Gaffin failed to show how he was prejudiced by the alleged deficiencies, he failed to establish a claim of ineffective assistance of counsel, and we overruled his assignment of error and affirmed the trial court's judgment. *Id.* at ¶ 35, 39.

{¶6} After we affirmed his conviction in May 2017, Gaffin filed a petition for postconviction relief in August 2017 in which he again raised ineffective assistance of counsel claims involving Haslam, some of which were barred by res judicata. *State v. Gaffin*, 4th Dist. Adams No. 17CA1057, 2019-Ohio-291, ¶ 39 (*Gaffin II*) (Gaffin's claim that Haslam had a conflict of interest that violated his right to effective assistance of

counsel was barred by res judicata because he raised the same claim in his direct appeal). Ultimately the trial court denied Gaffin's petition for postconviction relief, and we affirmed that judgment. *State v. Gaffin,* 4th Dist. Adams No. 20CA1115, 2021-Ohio-2659 (*Gaffin III*).

{¶7}    On May 4, 2023, Gaffin filed a complaint against Haslam and Frost Brown Todd, LLC, in which he alleged claims for fraud, breach of fiduciary duty, and legal malpractice. Gaffin's succinct, five-paragraph complaint alleged that in October 2015, Gaffin met with Haslam and Haslam induced Gaffin to retain him and the firm of Frost Brown Todd for a payment of $50,000, to dismiss his current attorney, and to reject the negotiated plea offer in existence at the time.  Gaffin alleged that Haslam told him that the resources at his firm, "would ensure acquittal in the upcoming trial in Adams County Common Pleas Court." Gaffin met with Haslam again in December 2015 at Frost Brown Todd's office. Then, in June 2016, Gaffin was found guilty and sentenced "to three life sentences without parole." Last, Gaffin alleged that on March 30, 2023, he received documents that informed him that "there were no records of [Gaffin's] representation by Frost Brown Todd, LLC." Gaffin then listed his counts, in their entirety, as follows: "COUNT ONE – Fraud, in violation of §2305.09(C)"; "COUNT TWO – Breach of Fiduciary Duty, in violation of §2305.09(D)"; and "COUNT THREE – Legal Malpractice/Negligent Representation, in violation of §2305.09(D)."  Gaffin sought the following relief:

> Plaintiff demands judgment against Defendant(s) for the sum of fifty-thousand dollars plus interest, and one million dollars for each life sentence without parole and any other relief this Court deems just and proper.

{¶8}    Frost Brown Todd filed an answer and admitted that in October 2015, Haslam was an associate at the firm, but denied that the firm represented Gaffin. It denied

all remaining allegations for lack of knowledge. The firm asserted several affirmative defenses, including that the claims were barred by the statute of limitations, and asked that the complaint be dismissed.

{¶9} Haslam filed an answer and a motion for judgment on the pleadings seeking to have Gaffin's complaint dismissed. In his answer, Haslam admitted he represented Gaffin from October 28, 2015 to July 18, 2016[1] on a criminal matter, he was paid for his representation of Gaffin, and he met with him on various occasions during the course of the representation. Haslam also admitted that Gaffin was found guilty and sentenced and he set forth the various postconviction litigation and appellate procedures Gaffin had pursued through other counsel. Haslam admitted that any documents Gaffin had received "speak for themselves." Haslam also asserted several affirmative defenses, including that the claims were barred by the statute of limitations and the statute of repose, and Haslam requested that the complaint be dismissed.

{¶10} In his motion for judgment on the pleadings, Haslam argued that all three of Gaffin's claims were subsumed into the legal malpractice claim and time barred by the four-year statute of repose, which would have expired in June 2020. Haslam argued that the complaint alleged he represented Gaffin in 2015-2016 and the representation ended in June 2016 with the guilty verdict and sentencing. He argued that all the allegations arose from that legal representation and, regardless of whether they are labeled as "fraud" or "breach of fiduciary duty" claims, those claims are subsumed within the legal malpractice claim. Because the complaint was not filed until May 2023, which was nearly

---

[1] Although Haslam's answer states that the legal representation ended "July" 2016, all other references in the record indicate that the representation ended in "June" 2016. Because the complaint in this case was filed well outside the four-year time period, this one-month discrepancy is immaterial to our analysis.

three years beyond the four-year statute of repose, Haslam argued it was barred and should be dismissed.

**{¶11}** Gaffin responded to Haslam's motion for judgment on the pleadings with a motion to strike.[2] He argued, "Under Civ.R. 12(C) if Plaintiff pleads facts which are contradictory to those alleged by Defendant, Aaron E. Haslam of Frost Brown Todd LLC, the motion must be denied." Gaffin set forth the standard of review for a Civ.R, 12(C) motion and concluded, "as Defendant does not posit genuine issues of material fact, Plaintiff moves this Honorable Court to strike said motion as immaterial and impertinent." Gaffin did not identify which facts he believed were contradictory or otherwise precluded a judgment on the pleadings.

**{¶12}** The trial court granted the motion and dismissed Gaffin's complaint. The trial court found that Haslam had represented Gaffin in his criminal proceedings which ended in June 2016. Gaffin's May 2023 complaint was filed nearly seven years after Haslam's legal representation of Gaffin ended and was barred by Ohio's four-year statute of repose for legal malpractice actions. The trial court also found that Gaffin's fraud and breach of fiduciary duty claims related to Haslam's representation of Gaffin during the criminal proceedings and therefore were subsumed within the legal malpractice claim and were likewise time barred:

> The Court would find that the allegations in the complaint related solely to the Defendant's representation of Plaintiff during the criminal proceedings and therefore, the counts of fraud and breach of fiduciary duty are not independent of the malpractice claim and therefore are subsumed within the legal malpractice claim. * * *
>
> Accordingly, the Court would grant Defendant's motion to dismiss pursuant to Civ.R. 12(C).

---

[2] Gaffin also filed responses to Haslam's and Frost Brown Todd's answers in which Gaffin identified contentions he had with the answers.

**{¶13}** Gaffin appealed.

## II. ASSIGNMENT OF ERROR

**{¶14}** Gaffin identified one assignment of error for review:

The lower court committed prejudicial error ignoring the plain language of the legislature.

Based on our review of Gaffin's argument supporting his assignment of error, we interpret the assigned error as meaning that the trial court erred in failing to apply the four-year statute of limitations for fraud as set forth in R.C. 2305.09(C), which does not accrue until the fraud is discovered. Implicit in this argument is the contention that the trial court erred in determining that Gaffin's fraud claim was subsumed by the legal malpractice action. Gaffin does not challenge the trial court's dismissal of his legal malpractice or breach of fiduciary duty claims. Therefore, our analysis will focus on whether the trial court erred in determining that his fraud claim was subsumed into the legal malpractice claim and barred by the four-year statute of repose for legal malpractice claims under R.C. 2305.117(B)(1) and (2).

## III. Review of Civ.R. 12(C) Motion for Judgment on the Pleadings

### A. Standard of Review

**{¶15}** An appellate court conducts a de novo review of a trial court's grant of a Civ.R. 12(C) motion for judgment on the pleadings. *Gold v. Bertram*, 4th Dist. Washington No. 22CA9, 2023-Ohio-4567, ¶ 10. Civ.R. 12(C) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When deciding a Civ.R. 12(C) motion for judgment on the pleadings, the court "must construe the material allegations in the complaint, along with all reasonable

inferences to be drawn therefrom, in favor of the nonmoving party as true." *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act,* 147 Ohio St.3d 42, 2016-Ohio-3038, 59 N.E.3d 1274, ¶ 10. A court may enter judgment on the pleadings "only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief." Civ.R. 12(C).

## B. The Fraud Claim

**{¶16}** The trial court determined that Gaffin's fraud claim was not independent from the legal malpractice claim and was subsumed by it, citing *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.,* 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25. In *Dottore*, Mark Dottore and two of his companies were clients of attorneys associated with the Vorys law firm. Dottore sued several of the attorneys and the Vorys firm for legal malpractice, breach of contract, breach of fiduciary duty, promissory estoppel, breach of confidentiality, fraud, civil conspiracy, spoliation of evidence, and Racketeering Influenced and Corrupt Organizations Act ("RICO") violations. Dottore alleged that the Vorys attorneys engaged in corrupt activities with Cuyahoga County officials to the detriment of Dottore and his companies. Corrupt activities allegedly included the hiring of family members of county officials and paying them generous sums of money for "little or no work," which constituted bribes of the officials. Dottore alleged that the bribes were funded by overbilling and by charging unauthorized improper expenses to Dottore and his companies. Because the fraudulent bills for services were sent by United States mail, Dottore alleged federal mail fraud and state telecommunication fraud.

**{¶17}** Dottore alleged that all of this fraudulent activity made the Vorys firm and its attorneys the targets of a "federal corruption probe" in Cuyahoga County. And, in

February 2009, the Office of the United States Attorney subpoenaed the client files including Dottore's and his companies' legal files. Dottore alleged that Vorys delivered Dottore's attorney-client and work-product materials without obtaining his permission and without immediately informing him that they had done so. Additionally, he claimed that the corruption probe created a conflict of interest between Vorys attorneys and their clients. According to the allegations, the Vorys attorneys should have immediately told Dottore about the conflict of interest and the government's request for files. Their failure to do so amounted to a breach of the ethical and fiduciary obligation. As a result of Dottore and his companies' involuntary involvement in the probe, they allegedly lost business, sustained reputation damages, and incurred extensive legal fees. *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 7-13.

{¶18}    Dottore also alleged that Vorys and its attorneys had fraudulently induced him and his companies to resolve a dispute Dottore had with PNC Bank, which was also a client of the firm. Dottore alleged Vorys did not provide an engagement letter or obtain a conflict of interest waiver and induced Dottore to settle with PNC at a substantially reduced settlement amount. Dottore also alleged that Vorys attorneys shared Dottore's private and confidential banking information with PNC so that PNC could sweep Dottore's bank accounts in an unrelated collection action PNC had against Dottore. *Id.* at ¶ 14-17.

{¶19} The Vorys attorneys filed a motion for summary judgment arguing that the legal malpractice, breach of contract, breach of fiduciary duty, promissory estoppel, breach of confidentiality, fraud, and civil conspiracy claims were all, in essence, claims for legal malpractice and barred by the one-year statute of limitations. *Id.* at ¶ 29-30. The trial court agreed. On appeal, the appellate court found that, regardless of the label affixed

to the claims by Dottore, "the gist of those claims sounded in legal malpractice" and were properly dismissed on statute of limitations grounds. *Id.* at ¶ 32. The court discussed the law on legal malpractice:

> It has long been established that "an action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort." "The term 'malpractice' refers to professional misconduct, i.e. the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances."
>
> The elements of a claim for malpractice under Ohio law are: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty and a failure to conform to the standard required by law, and (3) a causal connection between the conduct complained of and the resulting damages or loss. An attorney owes to a client the duty to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to discharge that duty in a reasonably diligent, careful, and prudent manner.
>
> We determine the applicable statute of limitations for a claim from the "gist of the complaint," and not from the label that a party may assign to a set of facts. When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as fraud and breach of contract, are subsumed within the legal-malpractice claim. (Citations omitted.)

*Id.* at ¶ 33-35; *Dingus v. Kirwan*, 6th Dist. Erie No. E-05-082, 2006-Ohio-4295, ¶ 10.

**{¶20}** The appellate court found that the proper test to determine whether a claim is a legal malpractice claim is whether the claim "arises out of 'the manner in which the attorney represented the client.' " *Dottore* at ¶ 37, quoting *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App.3d 89, 90, 446 N.E.2d 820 (10th Dist. 1982). "This standard focuses on whether the claim involves professional misconduct, which is a narrower focus point than merely determining whether there was an attorney-client relationship." *Id.* Using this test, the appellate court found: (1) Dottore's fraud claim arose out of the same conduct that he alleged to support his legal malpractice claim and (2) courts have

consistently held that complaints alleging fraudulent billing practices arise " 'out of the manner in which the client was represented within the attorney-client relationship.' " *Id.* at ¶ 44-45, quoting *Rosenberg v. Atkins*, 1st Dist. Hamilton No. C–930259, 1994 WL 536568, *2 (Oct. 5, 1994) (plaintiff's claim that attorney extracted an excessive fee through misrepresentation was a legal malpractice claim); *Chambers v. Cottrell*, 6th Dist. Lucas No. L–10–1178, 2011–Ohio–144, ¶ 13; *Wilkerson v. O'Shea*, 12th Dist. Butler No. CA2009–03–68, 2009–Ohio–6550, ¶ 13.

**{¶21}** Here, Gaffin alleged that (1) Haslam met with him and induced him to dismiss his attorney and hire him, (2) Haslam induced him to reject his plea agreement "as the resources of Frost Brown Todd, LLC would ensure acquittal," (3) Gaffin paid Haslam $50,000 in legal fees "for legal representation of Aaron E. Haslam and Frost Brown Todd, LLC," and (4) Gaffin learned in March 2023 that "there were no records of Plaintiff's representation by Frost Brown Todd, LLC." Gaffin argues that his fraud claim was based on the fact that Haslam told him that Frost Brown Todd's resources would ensure him an acquittal, but instead Haslam never told Frost Brown Todd anything about the legal representation and "embezzled $50,000 from [Gaffin] and Frost Brown Todd, LLC 'for personal gain.' " (Emphasis sic.)  Gaffin argued the Haslam's "true intention was to defraud Frost Brown Todd, LLC and [Gaffin] and pocket the funds for personal gain . . . which is fraud."

**{¶22}** First, we note that it is the attorney that provides legal representation to the client – not the law firm. *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 18, 26 (a law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice, but may be

vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice). To the extent that Gaffin claims he was defrauded by Haslam because Haslam told him he would receive legal advice from Frost Brown Todd, this was an alleged misstatement of the law which arises out of the manner in which Haslam represented Gaffin and thus falls within the gist of legal malpractice. *Dottore* at ¶ 46 ("fraud" allegation that Vorys attorney mispresented the law on the statute of limitation was subsumed into the malpractice claim).

**{¶23}** Second, to the extent that Gaffin is claiming fraud by alleging that Haslam "pocketed" the $50,000 rather than turning it over to, or sharing it with, Frost Brown Todd, Gaffin lacks standing to assert this alleged fraud on behalf of the law firm.  A fraud cannot be predicated upon representations made to a third party. *Thomas v. Delgado*, 3rd Dist. No. 12-22-06, 2022-Ohio-4235, 201 N.E.3d 1021, ¶ 85. If Haslam was required to provide part or all of the $50,000 legal fees to the law firm, his requirement to do so would arise out of representations made by Haslam to the firm. Gaffin has no standing to assert this claim as he has no injury in fact. Moreover, to the extent that Gaffin argues that Haslam's "pocketing" of $50,000 in legal fees was "for personal gain," "[t]he desire to obtain attorney's fees is not the type of personal gain that can support a separate fraud action." *Nicolescu v. Smith*, 7th Dist. Mahoning No. 23 MA 0033, 2023-Ohio-3610, ¶ 17.

**{¶24}** Third, to the extent that Gaffin claims that Haslam told him he was going to use "resources" of the firm to assist Haslam in his legal representation of Gaffin and Haslam failed to do so, this claim falls within the gist of legal malpractice. Gaffin does not state specifically what "resources" Haslam told him he would use. Regardless, any failure of Haslam to access resources related to the legal representation of Gaffin in his criminal

proceeding would arise "out of 'the manner in which the attorney represented the client' " and constitutes a legal malpractice claim. *Dottorre* at ¶ 37.

**{¶25}** Finally, although Gaffin brings three separate causes of action (fraud, breach of fiduciary duty, legal malpractice), he alleges only one set of facts to support all three claims. No separate set of facts support his fraud claim than those he alleges support his legal malpractice action. *Dottore* at ¶ 44. In essense, Gaffin claims he paid $50,000 in legal fees to Haslam and believed Haslam would use firm resources to assist him in providing legal representation. However, Haslam allegedly failed to avail himself of the firm's resources, which Gaffin blames for the adverse jury verdict against him. Gaffin's claim arises out of the manner in which Haslam represented him and involves alleged professional misconduct. Therefore, his fraud claim is subsumed into the legal malpractice claim, which was barred by the four-year statute of repose for legal malpractice.

**{¶26}** Legal malpractice claims are governed by the one-year statute of limitations and the four-year statute of repose set forth in R.C. 2305.117:

> (A) Except as otherwise provided in this section, an action upon a legal malpractice claim against an attorney or a law firm or legal professional association shall be commenced within one year after the cause of action accrued.
> (B) Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in divisions (C) and (D) of this section, both of the following apply:
> (1) No action upon a legal malpractice claim against an attorney or a law firm or legal professional association shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the legal malpractice claim.
> (2) If an action upon a legal malpractice claim against an attorney or a law firm or legal professional association is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the claim, then, any action upon that claim is barred.

**{¶27}** A statute of repose bars the claim – the right of action – itself. It allows a defendant to be free from liability after a specifically determined time and it does not matter whether the plaintiff has discovered the injury or basis for the claim:

> The differences between statutes of repose and statutes of limitations have been recognized for nearly 40 years. A statute of limitations establishes "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." A statute of repose bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." (Citations omitted.)

*Everhart v. Coshocton Cnty. Mem. Hosp.*, __ Ohio St.3d __, 2023-Ohio-4670, ¶ 28. Thus, even though Gaffin claims he did not learn of facts giving rise to his claims until March 2023, those claims were barred in June 2020, four years after Haslam's representation of him ended.

## IV. CONCLUSION

**{¶28}** We overrule appellant's assignment of error and affirm the trial court's judgment.

                                                                JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

For the Court

BY: _____
     Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**